JOHN B. DOWNER, Assignee, etc., *vs.* ST. PAUL & CHICAGO RAILWAY COMPANY.

October 21, 1875.

Statutory Dedication.—To effect a statutory dedication of lands to public use, the requirements of the statute authorizing it must be substantially complied with.

Same—Town Plats.—*Held,* upon the facts in this case, that there has been no such compliance in respect to the laying out and platting of the town of Pepin, in Wabasha county.

The plaintiff having appealed to the district court for Wabasha county, from the commissioners' award of compensation (one dollar) for the taking of certain land for the purposes of its railway, the action was tried before *Van Dyke,* J., and a jury. The plaintiff introduced evidence tending to prove that long prior to the taking of the land by defendant the plaintiff's assignor was owner of a larger tract, including the premises in question. To prove that such premises had been dedicated by plaintiff's assignor to the public, prior to the taking, the defendant offered in evidence the plat of the town of Pepin, described in the opinion. The plaintiff objected to the admission of this plat, his objections were overruled, and he duly excepted. The court directed a verdict for defendant, on which judgment was entered, and plaintiff appealed.

*Thomas Wilson,* for appellant.

*Smith & Van Slyck,* for respondent.

CORNELL, J. On the trial defendant offered in evidence " the record of the plat of Pepin for the sole purpose of

proving a statutory dedication of the premises or parcel of land in controversy to public use." The court received it, against plaintiff's objection, and "decided and ruled that said record of said plat should be received as evidence of a statutory dedication of the premises in question to public use." The question raised by the record, argued by counsel, and which this court is called upon to determine, relates to the correctness of this ruling.

To effect a statutory dedication the statute authorizing it must be substantially, if not strictly, complied with. *Baker* v. *City of St. Paul*, 8 Minn. 491; *City of Belleville* v. *Stookey*, 23 Ill. 441; *Village of Mankato* v. *Meagher*, 17 Minn. 265. This must be so from the very nature of the dedication. It operates, not by way of estoppel, as is the case with a common law dedication, but as a grant—by force of the statute, from whose provisions alone it derives its existence and operative effect. Being the creature of a statute which prescribes the requisites and conditions necessary to its creation, such, and such only, as are clearly embraced within its provisions can be treated and regarded as conveyances of this "new, novel and somewhat anomalous character." When the legislature declares that a particular plat or instrument, executed in a prescribed way, and containing certain designated contents and statements, shall have a certain declared effect as a grant, which, but for such statutory provisions, it would not have, and by no possible judicial construction could have, it is not competent for a court to substitute something different, but which it deems equivalent, and to give it a like effect. This, in effect, would be judicial legislation. Whether the prescribed requisite is essential or not to the attainment of the object sought by the legislature, is not a question for the court to consider. The fact that the law-making power has required it to be done makes it essential. The only proper enquiry for the court is, whether the particular prescribed requisite has been substantially complied with—not whether something different

has been done, which, in its judgment, may or may not be of equivalent import and meaning.

The following is so much of the statute (Rev. St. ch. 31, Gen. St. ch. 29) as it may be necessary to refer to in connection with the question under consideration:

"Section 1. When any person wishes to lay out a town * * * he shall cause the same to be surveyed, and a plat thereof made, which shall particularly describe and set forth all the streets, alleys, commons, or public grounds, and all in and out lots or fractional lots, within, adjoining or adjacent to said town, giving the names, width, courses, boundaries and extent of all such streets and alleys."

Section 2 requires all the lots to be numbered, "and their precise length and width stated on said plat," and also prescribes the size of out lots, etc.

"Section 3. The proprietor of the town * * * shall, at the time of surveying and laying (out) the same, plant and fix at a corner of the ground, or at the corner of a public lot, if there is any, and, if none, then at the corner of some one of the in lots in the town, and at the corner of each out lot, a good and sufficient stone, of such size and dimensions, and in such manner, as the surveyor directs, for a corner from which to make further surveys; and the point where the same may be found shall be designated on the plat."

Section 4 relates to the certification, acknowledgment and recording of the plat after its completion, and section 5 declares its effect "when made out, certified, acknowledged and recorded, as required by this chapter."

Nothing appears upon the plat showing the existence of any monument whatever within the limits of the plat or town, nor that any was ever established by the proprietors, or any one, under the direction of the surveyor or otherwise, as a corner from which to make further surveys, nor is any such point or place designated on the plat. It is claimed, however, that the statute in this regard has been

complied with, because there is marked on the extreme margin of the map, outside the limits of the town and the plat, what appears to be a government section corner, and that this may be used as a starting point from which to determine the location of the town and its survey. No reference whatever is made to this assumed corner by anything on the plat. It is left entirely to conjecture and inference whether, in fact, it was ever adopted as a substitute for the corner required to be fixed by the statute, and as a point in surveying the town, or whether it was ever intended to be made use of in future surveys. Its location is beyond the limits of the town, whereas the statute expressly directs that such monument shall be fixed at some one of the indicated corners within it. The statute has not been substantially complied with in this respect.

As respects the location of the town, the plat indicates it as being in Wabasha county, and abutting on the Mississippi river, but in what government sub-divisions is not stated. The only way in which its location can be fixed is by ascertaining its distance from the assumed section corner hereinbefore referred to. In what range or township this corner is located is not stated. Whether any similar section corner exists in Wabasha county, in like proximity to the river, does not appear from anything on the plat. Assuming, however, that there is but one such corner, and that its location can be ascertained, then the only fact given for determining its distance from the river, town, or any street therein, is the following note, which appears upon the plat: " Scale, 120 feet to one inch." This is not a matter required or authorized to be stated on the plat by any statute. It forms no part of any certificate. It is not signed by any one, nor does it appear, except by inference, by whom it was put upon the plat. An actual application of this scale to the plat shows such a want of correspondence between them as renders it wholly unreliable as a means of ascertaining the distance indicated by any line upon it. A

plat thus defective cannot be deemed a sufficient compliance with the statute to authorize it to be received solely as evidence of a statutory dedication. For this error in the ruling at the trial the judgment of the court below must be reversed, and a new trial granted.

GILFILLAN, C. J., *dissenting.* Aside from some objections, which I think are of no importance, to the acknowledgment of this plat, its validity is assailed on the grounds, *first,* because, as is claimed, the land platted is not described, nor in any way designated; and, *second,* because it does not show that any corner-stone was set, as required by Rev. St. ch. 31, § 3.

Undoubtedly, to be effectual of itself, the plat must in some way show what land was intended to be covered by it, so that the land can be ascertained and the plat located. This is as necessary as is a sufficient description in a deed. But it is immaterial how it indicates the land if there be *data* enough given to point it out. I think there is enough on this plat for that purpose. It shows that the land is located in Wabasha county, that it abuts on the Mississippi river, and that it occupies a certain position with reference to a section corner, indicated on the plat as the corner of sections 19, 24, 25 and 30. The line dividing sections 19 and 24 is drawn—the variation being noted—from the section corner to the river, and intersects Water street, one of the principal streets on the plat. The exact direction of the line of this street, both by the true and magnetic meridian, is noted. There is also a note stating the scale. Such a statement, it is true, is not required by the statute, but I think that whatever is put on the plat, evidently in explanation of it, is to be taken as a part of it, whether the statute requires it or not.

It appears easy to follow the section line from the section corner, and, by applying the scale, to ascertain the point of intersection with the line of Water street, from which point the location of that street can be ascer-

tained, and from that the entire tract may be surveyed. It is not material that the number of the township and range are not noted, provided the land can be otherwise ascertained. According to the plat there are in Wabasha county a section 19 and a section 24, each having, with reference to the river, the position indicated. In construing the plat, to determine whether it sufficiently describes the land, we are bound, as we would be were it a deed, to assume that all the calls are true, and we cannot assume, if the plat or deed does not show it, that there is more than one tract to which the calls are applicable. If the proof should disclose that state of things, it would make a case of latent ambiguity.

Can a proprietor who has made, acknowledged and recorded a plat of a town or addition, regular in all other respects, defeat it on the ground that he has omitted to comply literally with the requirements of § 3, directing the placing of stones for corners from which to make further surveys?

Those things which the statute requires to be done as evidence of the owner's intention to execute a plat, and by way of executing it, such as the acknowledging, recording, etc., are doubtless essential to its taking effect at all. But there are matters of detail which the statute requires to be inserted in the plat, the literal performance of which I do not think is essential to its validity. For instance, the statute requires the plat to give the names, widths, courses, boundaries and extent of all streets and alleys; that all the in lots shall be numbered in progressive numbers. An omission to give the name, width, course, boundary or extent of any one street or alley, or to number in progressive numbers any of the lots, would not, I think, invalidate the entire plat.

The statute requires that there shall be planted at the corner of the ground, or at the corner of a public lot, if there is any, and, if none, then at the corner of some one of

the in lots, and at the corner of each out lot, a stone for a corner from which to make further surveys, and that the point where it is to be found shall be indicated on the plat. If the plat failed to indicate such a stone at the corner of the ground, or of some public lot, or at the corner of an out lot, although there would be a failure literally to comply with the statute, I do not think the entire plat would thereby be defeated. This requirement is not made, as are those relating to the execution of the plat, for the benefit or protection of the owner, but for the convenience and benefit of his grantees or his donees under the plat, so that they may have, from the plat itself, a convenient means of locating their grants or donations; and where the plat furnishes such means, though not strictly in the manner prescribed by the statute, I think its object is substantially attained. It can make little difference to the owner's grantees or donees, and certainly none to the owner himself, that the point from which surveys may be made is marked by an iron post, a wooden stake, the corner of a government subdivision, or in any other convenient mode, instead of by a stone. The essential thing is that the plat shall show some ascertainable, fixed point from which surveys may be made, for the purpose of locating lots, blocks, streets, etc. Such a point is the intersection of the section line with the line of Water street.

I am of opinion that the plat is valid.