JOHN B. DOWNER, Assignee, *vs.* ST. PAUL & CHICAGO RAILWAY COMPANY.

January 9, 1877.

**Common-law Dedication—Evidence—Declarations of Owner.**—Where the question is whether the owner of land has, by acts *in pais*, made a dedication of it to public use, his declarations, made before an acceptance by the public, to the effect that he did not intend to dedicate the land, are admissible.

**Town Plat, Offered with Declarations, etc., to Prove Common-law Dedication.**— Where a town plat, not executed pursuant to the statute, is used to show the intention to dedicate to public use certain lands appearing on it, and other evidence of acts, declarations, and circumstances—some tending to prove, and others to disprove, the existence of such an intention—is given, it is not for the court to determine the force and effect of the plat, but the whole question should be left to the jury.

This was a proceeding instituted by defendant to condemn, for the use of its railway, certain land which is described in the petition, and in the award of the commissioners, as follows :  " Certain lands in the village of Read's, bounded westward by Richards street, northward by the Mississippi river, eastward by Read's addition to Pepin, and southward by a line parallel with and sixty feet northward of the northern line of block twenty-eight (28) in the recorded plat of the town of Pepin."    For his damages for

the taking of the property by the defendant the commissioners awarded to the plaintiff the sum of one dollar, from which award he appealed to the district court. Upon a former trial of the case, in the district court, the defendant relied on a statutory dedication of the premises to public use, evidenced by the recorded •plat of the town of Pepin. The plat was admitted in evidence, against plaintiff's objection, to prove such dedication, and the defendant had a verdict; but, on appeal to this court, a new trial was granted, it being held that the plat did not sufficiently comply with the statute to effect a statutory dedication. *Downer* v. *St. Paul & Chicago Ry. Co.*, 22 Minn. 251.

At the second trial, which was had in the district court for Wabasha county, before *Mitchell*, J., the defendant relied on and sought to prove a common-law dedication of the land in question by one Richards, of whom the plaintiff is the assignee in bankruptcy, prior to the commencement of defendant's proceedings for condemnation.

The original map or plat of the town of Pepin was introduced in evidence by both parties, as correctly describing the premises, which are there represented as in the diagram on page 273, except that the dotted lines, indicating the west and south lines of the property, do not appear upon the plat. It was shown by parol that there was a public street, sixty feet in width, in front of block 28, and between that block and the property in dispute.

The defendant having introduced evidence tending to prove a dedication of the premises, by Richards and the other original proprietors, for a public levee, to rebut this evidence the plaintiff, among other things, called S. A. Kemp, one of the original proprietors of the town and signers of the plat, who testified, under objection and exception, that it was the original intention to leave these premises as public property, but that the witness objected, and wanted it left as private property, and the other proprietors acceded to his wishes.

The defendant's counsel requested the following instruction, which was refused, and exception taken :

" The map introduced in evidence covers the property in dispute, and shows that the same was, by the proprietors of the town of Pepin, intended to be donated to the public use, as a public street and levee, at the time it was made and executed, and is *prima facie* evidence of intent to dedicate it to the public use."

The jury found a verdict for plaintiff for $1,946 ; a new trial was refused, and defendant appealed.

*Seagrave Smith*, for appellant.

*Wilson & Taylor*, for respondent.

GILFILLAN, C. J. It was held in this action, in the opinion filed in October, 1875, (22 Minn. 251,) that the plat of the town of Pepin was not made in accordance with the requirements of the statute, and that it could not operate as a statutory conveyance or dedication of the land in controversy to public use. It was necessary, therefore, in order to sustain the claim of the company, that it should prove a dedication *in pais*—that is, prove an intention and offer on the part of the owner, and an acceptance of such offer on the part of the public. Whether the whole evidence established such a dedication, even by estoppel, (if the public could claim it,) through the conveyance of lots according to the plat, we are unable to say, for the statement of the case does not purport to contain the whole of the evidence. The only questions which can be considered here are those which are presented by the exceptions to the ruling of the court below, admitting evidence, and to its refusal to give to the jury the instruction requested by defendant.

The evidence, to the admission of which the exception was taken, consisted in the declaration of the owner of the land, made at the time of making the plat, to the effect that he did not intend to dedicate the land to public use, but to reserve it for private use. Such declarations by the owner were held admissible in *Wilder* v. *City of St. Paul*, 12

Minn. 192. They are evidence of the party's intention with respect to the land claimed to be dedicated, and, up to a dedication made irrevocable by acceptance on the part of the public, there is no doubt of the propriety of admitting them.

The instruction requested includes three propositions. If either of them was incorrect, there was no error in refusing to give the instruction. The second of these propositions was to the effect that the plat shows that the land in dispute was, by the owner, intended to be donated to the public use, as a public street or levee, at the time it was made and executed. This assumes that it was the province of the court to construe the plat, and declare, without submitting the question to the jury, its force and effect. Had the plat been made and recorded pursuant to the statute, so as to operate *ipso facto* as a conveyance of lands dedicated to public use, it would have been for the court to construe it, and determine what was intended to be dedicated by it, just as the court construes conveyances and contracts between private persons. *Hanson* v. *Eastman*, 21 Minn. 509. The rule in regard to construing writings is that, if the writing contains the contract—if any was made between the parties—then the court, and not the jury, must construe it; but if the contract is shown partly by writing, and partly by oral testimony, then the entire question must go to the jury. 1 Taylor Ev. § 36; *Wilkinson* v. *Storey*, 1 Jebb & Syme, 509; *Bolckow* v. *Seymour*, 17 C. B. N. S. 107; *Brook* v. *Hook*, L. R. 6 Exch. 89. The same rule, doubtless applies to maps or plats.

The plat in question could not of itself have the effect of a conveyance, contract, or dedication to public use. It could only be used to establish a dedication *in pais*, by showing acts, circumstances, and declarations, evidencing an intention to dedicate to public use, existing at the time of the alleged acceptance by the public. It might be one of many acts, circumstances, or declarations tending to show

such intention, and there might be others to disprove such intention. In this case there were, as appears from so much of the evidence as is contained in the return, acts, circumstances, and declarations, other than the plat, some going to prove, and some to disprove, such an intention. Of the evidence as to the intention given on the trial, the plat was only a single item. The case was one in which the entire question should be left to the jury, and the court was right in so leaving it.

Order affirmed.