JOHN WOODRUFF *vs.* TOWN OF GLENDALE and another.

May 15, 1877.

Towns—Town Supervisors—Roads.—Under the statutes of this state, towns have a corporate capacity as respects the laying out and opening of highways, and the supervisors, as respects the same, are merely officers and agents of their towns.

Appeal by defendants from an order of the district court for Scott county, *Crosby*, J., presiding, (sitting for the judge of the eighth district,) overruling a demurrer to the complaint.

*H. J. Peck*, for appellants.

*E. Southworth*, for respondent.

BERRY, J. The plaintiff is owner in possession of certain timbered land, over which the defendant the town of Glendale wrongfully claims to have laid out a public highway. The town, and defendant Byrnes—an overseer of highways—without any right or authority whatever, threaten to and are about to open the alleged highway, and to appropriate the strip of land upon which the same is claimed to be laid, to the purposes of a highway, and, to plaintiff's irreparable injury, to cut down and destroy, or remove, the timber standing thereon. The relief prayed is an injunction restraining the defendants, and all persons acting under and for them, from opening the alleged highway upon plaintiff's premises, etc.

The point relied upon by defendants here is that an action of this kind will not lie against a town in its corporate capacity, for the reason that a town has no authority as respects the opening and working of highways, but the power to direct them to be opened and worked is given to the board of supervisors. Laws 1873, *c.* 5, § 41.

It is true that, by our statute, the power spoken of is conferred upon the supervisors; but this fact only goes to establish the liability of their town for their official acts, for the supervisors are town supervisors—officers and agents of a town. What they do as supervisors they do for their town; and, upon general principles of the law of agency, the town is responsible for their official acts.

The cases cited from New York and Michigan, (*Town of Fishkill* v. *Fishkill & Beekman Plankroad Co.*, 22 Barb. 634, 645; *Com'rs, etc.,* v. *Martin, etc.,* 4 Mich. 557,) in which it is held that commissioners of highways are not town agents,

proceed upon the ground that these officers constitute a *quasi* corporation, independent of their towns, and that, as respects the care and superintendence of highways, towns have no corporate capacity. The holding is not in point in this case, because, under our system, towns have a corporate capacity as respects the laying out and opening of highways, and the supervisors, as respects the same, are merely officers and agents of their towns, and possess no other capacity, nor any corporate character. See Laws 1873, *c. 5, passim.*

Order affirmed.