JOHN WOODRUFF *vs.* TOWN OF GLENDALE and others.

June 12, 1879.

**Damages for laying-out Roads.**—The damages to owners of lands assessed in the laying-out of roads by town supervisors, under Laws 1873, *c.* 5, (Gen. St. 1878, *c.* 13,) are to be paid by the town, and so the act is not obnoxious to the objection that it attempts to take private property for public use without just compensation.

Appeal by plaintiff from a judgment of the district court for Scott county, where the action was tried before *Dickinson,* J., acting for the judge of the eighth district.

*E. Southworth,* for appellant.

*H. J. Peck,* for respondent.

GILFILLAN, C. J.   Action to enjoin the defendants from entering upon the lands of plaintiff in the town of Glendale, and opening through the same a public road, previously located by the supervisors of the town under the provisions of Laws 1873, *c.* 5.   All the proceedings of the supervisors are admitted to have been in accordance with the provisions of the act, the damages, however, not having been paid.

The only point made is that the act is unconstitutional, because it does not provide for payment of the damages assessed.   If no such provision were found in the act, of course it would be unconstitutional.   There is no express provision to that effect.   But rather than hold the law to be void, the court will find such provision by implication, if the act will admit of such a construction.   Where the legislature makes provision for taking private property for public use, and there is anything in the act from which the court can spell out an intention that just compensation shall be made, and by whom it shall be made, and there is a mode given for ascertaining the amount, it must give a construction to the act that will sustain it.

Section 1 of the act in question gives to the supervisors of towns the care and superintendence of roads and bridges

therein. Section 33 authorizes them to lay out any new road when petitioned by not less than six legal voters residing or owning real estate within one mile of the road to be laid out. Sections 34, 35, 36, 37 and 38 regulate the proceedings therein. Section 39 provides for ascertaining the damages by agreement between the supervisors and owners, and for an assessment of them by the supervisors if no such agreement is made, or release of claim to the same executed—the agreement, release, or statement of damages assessed, to be filed with the town clerk. The agreement for the damages here mentioned is surely one made for and in behalf, not of the supervisors personally, but of the town whose officers they are, and which they represent—an agreement binding upon and creating a liability against the town. *Woodruff* v. *Town of Glendale*, 23 Minn. 537. It is to be presumed that the damages assessed shall be paid by some one; else, why assess them? And that the assessment, resorted to only if no agreement is made, or a release given, shall not only fix the amount of damages, but, like the agreement for which it is the alternative, shall also determine the liability of the town.

Section 58 provides that where roads have been previously laid out, and no damages assessed or allowed, or released, the supervisors may, on application, assess the damages; provided that no damages shall be allowed or paid unless application for such damages shall have been made within three years from the date of laying out the road. Sections 59, 60 and 61 provide for an appeal to a justice where the amount of damages allowed does not exceed one hundred dollars, and section 62 for one to the district court where the amount exceeds one hundred dollars. In the first case the result is to be filed with the town clerk; in the other, served on the chairman of the board of supervisors. Upon an appeal to a justice, if the damages allowed are increased, the town pays the costs.

The proceedings for laying out roads by the supervisors are town proceedings; they are the act of the town. 23 Minn.

537. Section 2 of the act requires the supervisors to render to the annual town meeting, "a statement in writing of all expenses and damages in consequence of laying out, altering or discontinuing roads." This is required so that the meeting may direct the proper tax to be laid.

On the whole, although there is no express provision to that effect, we see no difficulty in holding that the damages ascertained by agreement or assessment are to be paid by the town. The act is therefore constitutional.

Judgment affirmed.