## Township of Hutchinson *vs.* John Filk.

### November 26, 1890.

Highway—Power of Town to Remove Obstructions.—Under the statutes of this state, the care and maintenance of highways are vested in the towns in their corporate capacity, the supervisors being merely their officers and agents. Following *Woodruff* v. *Town of Glendale,* 23 Minn. 537.

Same—Action to Abate.—A civil action to abate a public nuisance constituting an obstruction to a highway, and to enjoin its maintenance, may be maintained by a town in its own name.

Appeal by defendant from an order of the district court for McLeod county, *Edson, J.,* presiding, overruling his demurrer to the complaint.

*J. V. V. Lewis,* for appellant.

*Willis & Nelson,* for respondent.

MITCHELL, J. This was an action to enjoin the erection and maintenance of an obstruction to a public highway, and to recover damages for the expenses incurred by the town in attempts to abate the nuisance. The appeal is from an order overruling a demurrer to the complaint. The grounds urged by defendant in favor of his demurrer, and against the order appealed from, are, in substance, these:

*First.* That a town, in its corporate capacity, has nothing to do with highways; that all powers and duties in respect to public roads are by statute vested in and imposed upon the supervisors, *eo nomine,* and not as agents of the town. *Second.* That the exclusive remedy for an obstruction to a highway is by criminal prosecution under the statute. *Third.* But, if a civil action to abate the nuisance or enjoin its maintenance will lie at all, it can only be brought in the name of the state, upon information of the attorney general.

The first point has been decided by this court against the contention of defendant, in *Woodruff* v. *Town of Glendale,* 23 Minn. 537, followed in *Same* v. *Same,* 26 Minn. 78, (1 N. W. Rep. 581;) *Peters* v. *Town of Fergus Falls,* 35 Minn. 549, (29 N. W. Rep. 586;) *Town of Blakely* v. *Devine,* 36 Minn. 53, (29 N. W. Rep. 342.) The only common-law remedy for the abatement of a public nuisance was by indictment, but it is now well settled that a court of equity may, in a proper case, take jurisdiction of public nuisances in civil actions for their abatement, and to enjoin their maintenance. This jurisdiction is grounded upon the greater efficacy and promptitude of the remedies administered in such actions, enabling the court to restrain nuisances that are threatened or in progress, as well as to abate those already in existence, and effect their final suppression by injunction, which will often also prevent a multiplicity of suits. Angell & D. Highw. § 280, and notes.

The last point is that in any event such an action will only lie in the name of the state upon the information of the attorney general. The principles laid down, and the reasoning adopted, in the recent case of *Village of Pine City* v. *Munch,* 42 Minn. 342, (44 N. W. Rep. 197,) are, we think, decisive of this question. When we consider the nature and extent of the powers and duties of towns as respects highways, we think the principles announced in that case will be found equally applicable here. A township is a governmental agency, to which is intrusted the care and superintendence of highways within its boundaries, and upon which is imposed the duty of repairing them, and keeping them in order, and removing obstructions, with power to levy and expend taxes for these purposes. In short, as to all matters pertaining to highways, a town is, to the extent of these powers

and duties, the representative of the state; and if it has the power to abate such a nuisance, as it undoubtedly has, there is no apparent reason why it may not, in a proper case, resort to a court of equity to aid it by injunction or other appropriate remedy, in the performance of its public duties as a governmental agency of the state. That the expenses incurred by the town in repairs of the highway, rendered necessary by the nuisance committed by the defendant, can be recovered, would seem too clear to require discussion.

Order affirmed.