Village of Buffalo *vs.* John H. Harling.

Argued June 1, 1892. Decided July 22, 1892.

**Pleading—Dedication.**

A complaint alleging that certain land had been dedicated to a specified public use is sufficient, even though it does not state whether such dedication was effected in the manner prescribed by statute or as at common law.

**Trustee under Town Site Law of 1844 cannot Dedicate.**

A trustee to whom lands are patented under the town site law of 1844 has no power to dedicate such lands to public use.

**Ineffectual Statutory Dedication.**

A town plat not showing the location of the platted lands is ineffectual as a statutory dedication.

**Villages—Power over Streets and Public Grounds.**

A village whose streets and public grounds have been by law placed under the control of its authorities, who are given power to prevent the incumbering or obstruction of the same, may maintain an action to enjoin the erection of a building for private use on public ground.

Appeal by defendant, John H. Harling, from a judgment of the District Court of Wright County, *Canty*, J., entered January 11, 1892.

This action was brought by the Village of Buffalo against Harling, claiming that a certain strip of land in the village, lying between Lake street and Buffalo Lake, had been dedicated to the public as a promenade, or park, and accepted, and that defendant was about to erect a blacksmith shop upon it. Plaintiff demanded that he be enjoined from doing any act to interfere with the rights of the public therein. The answer denied the dedication. The case was tried on this issue, June 12, 1891. The evidence as to a statutory dedication is stated in the opinion. The plaintiff, in addition, attempted to prove a common law dedication, and introduced evidence of user of the strip by the public, for various minor public purposes, such as the erection of a flag pole and toboggan slide, and as a playground. The village had cleared off the brush from the strip, three years before the trial. The court found that there was a statutory dedication, and, in addition, that there had been a user by the public since February 17, 1873, in the ways above mentioned, and ordered judgment in favor of plaintiff, that it is entitled to the exclusive possession of said promenade as a public park and place of recreation, and enjoining the defendant from using or occupying the premises. Judgment was entered pursuant to the decision, and defendant appealed.

*James C. Tarbox* and *W. H. Culkin*, for appellant.

Taylor being a mere trustee, could not make a dedication that would be binding on a *cestui que trust* without ratification by him. *City of Mankato* v. *Warren*, 20 Minn. 144, (Gil. 128;) *Wilder* v. *City of St. Paul*, 12 Minn. 192, (Gil. 116;) Elliott, Roads & Streets, 106.

The plat was, on its face, insufficient to show any dedication of this tract. There must be a marking on the plat clearly showing dedication, and it cannot be helped out by parol. *Watson* v. *Chicago, M. & St. P. Ry. Co.*, 46 Minn. 321; *Village of Wayzata* v. *Great Northern Ry. Co.*, 46 Minn. 505; *Hurley* v. *Mississippi & R. R. Boom Co.*, 34 Minn. 143. The public use of this tract shown in evidence

does not prove a common law dedication. The acts and declarations relied on to constitute a dedication must be clear and decisive. *Village of White Bear* v. *Stewart,* 40 Minn. 284.

*W. H. Cutting,* for respondent.

The plat showed a statutory dedication of the strip. *Case* v. *Favier,* 12 Minn. 89, (Gil. 48;) *Wilder* v. *City of St. Paul,* 12 Minn. 192, (Gil. 116;) *City of Mankato* v. *Warren,* 20 Minn. 144, (Gil. 128;) *Sanborn* v. *Mueller,* 38 Minn. 27.

If there was not a statutory dedication, certainly the evidence was sufficient to show a common law dedication.

DICKINSON, J.　The village of Buffalo is situated on the northerly side of Buffalo Lake. The land on which the village is situated we assume to have been in the year 1860 patented by the United States to one *Jackson Taylor,* the president of the town council, as he is described in the patent, and to his successors, "in trust for the several use and benefit of the occupants of the town site of Buffalo," under the town site act of congress of May 23, 1844. Along the shore of the lake, and between the water and that part of the village which appears to have been platted into blocks and lots, is a narrow strip of land consisting in part of the sloping bank of the lake, and also of some level ground wide enough for a street, between such sloping bank and the platted blocks and lots. The defendant was about to erect a blacksmith shop on this strip of land, partly on the level tract and partly on the sloping bank, when this action was commenced to restrain him from so doing, the plaintiff claiming that this land, to the width of sixty (60) or sixty-six and a half (66½) feet from the platted blocks, and which is designated as "Lake Street," had been dedicated to the use of the public for the purposes of a street, and that the land between Lake street and the water, on which the shop was about to be erected, had been dedicated to the use of the public as a pleasure ground,—a *"promenade."* The issue of fact in the case was as to whether there had been any such dedication. Upon this issue the court found in favor of the plaintiff.

On this appeal the defendant calls in question the correctness of such findings.

We are unable to avoid the conclusion that some of the findings of fact bearing materially upon this issue cannot be sustained. It did not appear from the complaint whether the plaintiff relied upon a common-law or a statutory dedication, and it is not quite clear from the findings how far the conclusion rests upon the theory of there having been a statutory dedication; but it seems that the particular findings to which we shall presently refer were intended to express the conclusion that a dedication was made by Taylor in 1856, by a platting of the land then made. How far this may have affected the further findings and the conclusion of the court we cannot determine. Before referring more particularly to the findings we will add that the court was right in holding the complaint to sufficiently allege the fact of dedication, although it did not set forth the manner in which the dedication had been made.

The plaintiff offered in evidence the patent to Taylor in 1860, above referred to, and a plat, (Exhibit H,) which the appellant refers to in his statement of the case as having been made and filed by Taylor in 1856, and which we assume to have been the fact, although the case before us does not show this. The court found, in substance, that Taylor was then the owner of the land in fee simple; that, wishing to lay out a town, he "duly" caused the land to be surveyed, and platted into blocks, streets, alleys, and a "promenade," particularly describing the same, including said "promenade" as public ground; that the plat was duly recorded in the office of the register of deeds; "*whereby* said ' promenade ' and all of said streets and alleys were duly dedicated to the public by said Jackson Taylor." The case is certified to contain all the material evidence. This plat, as shown in the case, not only does not describe or show any "promenade" designated as such, or as public ground, but it is so far wanting in the essential requirements of the statute with respect to town plats that it was ineffectual as a statutory dedication. Among other defects is the very essential one that it does not appear where the platted land is located, and no monument or corner with reference

to which the survey or platting was made is shown or referred to. The most that is shown—even if this is properly set forth—is that the platted town is located "on" certain specified governmental subdivisions of a specified section. See, as to such a defect, *Downer* v. *St. Paul & Chicago Ry. Co.*, 22 Minn. 251. But, apart from the defects in the plat itself, the finding of the court above referred to cannot be sustained, for there was no evidence that Taylor was the owner in fee simple, either when the plat was made or at any time; and if he was not the owner he could not effectually dedicate the premises to public use. We discover no proof that Taylor ever had any title to or interest in the property, except such as may have been acquired by the patent to him as a trustee, before referred to. If we assume that the land thus conveyed embraced that covered by the plat, (Exhibit H,) still it shows only the conveyance to Taylor of the mere legal title in trust for the occupants of the town site. It does not appear that he had any beneficial interest in the premises. The conveyance of the title to him as a mere trustee in 1860 would not, by the operation of the principle of estoppel, make effectual any dedication of the property which he had assumed to make, as the owner of it, in 1856.

There was some evidence tending to show a common-law dedication, but it was not of a conclusive nature, and, as we cannot say that the result was not affected by the error already referred to, a new trial must be granted.

As the case is to go back for a new trial, it is expedient that we refer to the point presented, that an action of this kind will not lie at the suit of the village. It does not appear whether the village was incorporated by special charter or under the general law, and we are not informed as to what, if any, special powers were conferred upon the village with respect to the streets and public grounds within its borders. If it had no authority save such as is to be implied from the fact of its incorporation as a village, it is probable that it would have no right to maintain an action of this kind. But if the village was organized under the general village law, or under a special charter, which, as does the law of 1885, places the streets and public grounds under the control of the village authorities, and

authorizes them to prevent the incumbering or obstruction of the same, such an action is maintainable to prevent the public nuisance. *Village of Pine City* v. *Munch*, 42 Minn. 342, (44 N. W. Rep. 197.) If the case is to proceed further it would seem that there should be an amendment of the complaint so as to show what authority has been given to the village in this respect. Any application for an amendment will, however, be addressed to the district court.

Judgment reversed.

(Opinion published 52 N. W. Rep. 931.)