CITY OF RED WING v. OLIVER M. GUPTIL.

May 13, 1898.

Nos. 11,051—(83).

**Abatement of Nuisance—Slaughter House—Action by City.**
   The city of Red Wing is authorized by its charter to maintain an action to compel the owner of any building or place, which is a nuisance affecting the comfort and convenience of the public, to remove or abate the same, although such nuisance is not injurious to the public health.

Appeal by plaintiff from a judgment of the district court for Goodhue county, in favor of defendant, after a trial before Williston, J., and a jury. Reversed.

*J. C. McClure,* for appellant.

The action is maintainable by the city. New Orleans v. Lambert,

14 La. An. 247; Village of Pine City v. Munch, 42 Minn. 342; Township of Hutchison v. Filk, 44 Minn. 536.

*F. M. Wilson,* for respondent.

A municipal corporation has no control over nuisances within its corporate limits, except such as is conferred upon it by its charter or by general laws. Village of Pine City v. Munch, 42 Minn. 342; Wood, Nuis. (1st Ed.) § 739; Elliott, Roads & S. 486; Tiedeman, Mun. Corp. (3d Ed.) §§ 374, 379; Parker & W., Pub. Health & S. § 36. A slaughter house is not per se a nuisance. Ballentine v. Webb, 84 Mich. 38. The charter confers no power upon the city council to declare what acts or omissions constitute a nuisance. St. Paul v. Gilfillan, 36 Minn. 298. The passage of the resolutions declaring the place of business of the respondent a nuisance and directing its abatement was wholly unauthorized. Yates v. Milwaukee, 10 Wall. 497; People v. Board of Health, 140 N. Y. 1, 9; Clark v. Mayor, 13 Barb. 32; Tiedeman, Mun. Corp. § 226; Tiedeman, Lim. Pol. Power, § 122a; 1 Dillon, Mun. Corp. § 374; Parker & W., Pub. Health & S. § 61; 2 Beach, Pub. Corp. §§ 991–1033; Myers, Vested Rights, 280, 321; Cooley, Const. Lim. (6th Ed.) 741; 2 Wood, Nuis. (3d Ed.) § 744; 4 Wait, A. & D. 619; Milne v. Davidson, 16 Am. Dec. 194, and note. The right of a municipal corporation to license occupations must be plainly conferred or it will not be held to exist. 1 Dillon, Mun. Corp. §§ 361, 325, note 2; Tiedeman, Mun. Corp. § 124, and note 1; 4 Wait, A. & D. 624. The power to regulate does not confer authority to license. Burlington v. Bumgardner, 42 Iowa, 673. Power to license certain occupations inhibits the licensing of other occupations not enumerated. City v. Bross, 101 Ill. 479; Holder v. Galena, 19 Ill. App. 409. Permission or consent on the part of the city to defendant to operate his slaughter house may be inferred from long acquiescence without objection. Babbage v. Powers, 130 N. Y. 281; Gridley v. Bloomington, 68 Ill. 47; Jennings v. Van Schaick, 108 N. Y. 530; Chicago v. Robbins, 2 Black, 418; Jorgensen v. Squires, 144 N. Y. 280; Korte v. St. Paul T. Co., 54 Minn. 530. To be of legal cognizance, the injury must be tangible, or the discomforts perceptible to the senses of ordinary people, and not dependent upon taste or imagina-

tion. Price v. Oakfield, 87 Wis. 536; Stadler v. Grieben, 61 Wis. 500; Pennoyer v. Allen, 56 Wis. 502, 510; Campbell v. Seaman, 63 N. Y. 568; Prentice, Pol. Power, 209.

START, C. J.

This was an action by the city of Red Wing to enjoin the defendant from operating a slaughter house and rendering establishment within the corporate limits of the city, and to require him to abate the same as a nuisance. Judgment was entered, upon the special verdict of the jury, dismissing the action on the merits, from which the plaintiff appealed.

The special verdict was to the effect that the defendant used and maintained the slaughter house in question without any authority or license from the city of Red Wing, and conducted the business therein in such a manner as to be offensive, disagreeable, and annoying to persons residing in the vicinity of his premises and to persons traveling along the public highway past them by reason of the smells and stenches emitted therefrom, but such house and business have not been so conducted as to be injurious to the public health. This is, in its legal effect, the equivalent of a finding that the defendant is maintaining a public nuisance, although it is not injurious to the public health. Wood, Nuis. §§ 299, 571; G. S. 1894, § 5881.

A municipal corporation which by its charter is authorized to abate or to compel the abatement of public nuisances may maintain an action in equity to secure such result. Village of Pine City v. Munch, 42 Minn. 342, 44 N. W. 197; 6 L. R. A. 763, and notes; Village of Buffalo v. Harling, 50 Minn. 551, 52 N. W. 931. The only question in this case is, can the city of Red Wing maintain such an action to compel the abatement of a public nuisance which is not injurious to public health? It cannot do so unless its charter confers upon it authority to remove or abate public nuisances which affect the comfort and convenience of the public, but not the public health. But if it has such power under its charter, it may maintain this action. The nuisance in question is offensive, disagreeable, and annoying to persons living or traveling along the highway in the vicinity of the defendant's slaughter house, by reason of the

smells and stenches it emits. It therefore affects the comfort and convenience of the public. The charter of the plaintiff (Sp. Laws 1887, c. 3, subc. 4), among other things, provides:

"Sec. 5. The city council shall have full power and authority to make, ordain, adopt, establish, publish, enforce, alter, amend or repeal all such ordinances, rules and by-laws for the government and good order of the city, * * * for the prevention of crime as they shall deem expedient, and in and by the same to declare and impose penalties and punishments by fine, imprisonment, or both, * * * and for these purposes the said city council shall have authority by such ordinances by law or resolution."

Subsec. 5. "To compel the owner or occupant of any cellar, tallow chandler shop, soap factory, tannery, barn, stable, privy, sewer or other unwholesome, nauseous house or place, to cleanse, remove or abate the same from time to time as often as may be necessary for the health, comfort and convenience of the inhabitants of said city."

Subsec. 31. "To remove and abate any nuisance injurious to the public health, and to provide for the punishment of all persons who shall cause or maintain such nuisance."

Subsec. 32. "To remove or abate any nuisance, obstruction or encroachment upon the streets, alleys, public grounds or highways of the city."

Sec. 12. "The powers conferred upon the city council to provide for the abatement or removal of nuisances shall not bar or hinder suits, prosecutions or proceedings under any general law of this state."

It is obvious from the reading of these provisions that a distinction is made in nuisances, and that the city is not authorized to deal with all alike. Those which jeopardize the public health or obstruct the public streets and grounds, the city itself may proceed summarily to remove or abate, as provided in subsections 31 and 32. This power is conferred upon the city because of the character and consequences of such nuisances. The cases are extreme, and will brook no delay. When the public health is imperiled or public travel is obstructed by the existence of a nuisance, the city may act promptly, and not wait for the slow process of securing its abatement by enforcing the penalties of an ordinance. But as to nuisances which affect the comfort or convenience of the public, but not the public health, the city is only authorized to compel the owners of the buildings or places which constitute the nuisances

to remove or abate them as provided by subsection 5 of its charter. There is no occasion for immediate action in such cases. The literal reading of this subsection 5 would indicate that the city could not compel the owner of such a building or place to cleanse, remove, or abate the same unless it affected the public health as well as the comfort and convenience of the public, the words of the statute being "health, comfort, and convenience." But, clearly,. such is not the intention of the statute, and the word "and" should be read "or," in accordance with the rule that "or" may be read for "and" in a statute, and conversely, as the clear intent of the statute may require. Weston v. Loyhed, 30 Minn. 221, 14 N. W. 892; Sutherland, St. Const. § 252.

It follows from our construction of its charter that the city of Red Wing has the power to compel the abatement of a nuisance affecting the comfort or convenience of the public, although it is not injurious to the public health, and therefore it may maintain an equitable action to aid in compelling an abatement of such a nuisance. It also follows that the trial court erred in entering judgment upon the special verdict for the defendant dismissing the action.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.