## CITY OF JORDAN v. MARY LEONARD.[1]

October 11, 1912.

Nos. 17,739—(74).[2]

**Injunction — complaint sufficient.**

     A municipality, whose public streets and grounds have been placed under the control of its common council, or other officers, may maintain an action to abate a nuisance therein and to enjoin its maintenance. The complaint herein alleges facts constituting such a cause of action.

[1] Reported 137 N. W. 740.      [2] October, 1912, term calendar.

Action in the district court for Scott county to compel the removal of a fence from a certain street and enjoin defendant and persons claiming under her from doing any act to interfere with the rights of the public therein. From an order, Morrison, J., overruling defendant's demurrer to the complaint, she appealed. Affirmed.

*F. J. Leonard,* for appellant.

*George F. Sullivan,* for respondent.


START, C. J.

Appeal from an order of the district court of the county of Scott overruling the defendant's demurrer to the complaint. The complaint alleges, in effect, the ultimate facts following:

The plaintiff has been for more than twenty years last past, and now is, a municipal corporation, duly organized, incorporated, existing, and being in the county of Scott and state of Minnesota, under and by virtue of Sp. Laws 1891, p. 120, c. 4. There is now in such municipality, and has been during all the times herein stated, and for more than twenty years last past, a public street and highway, known as Fourth street, which is wholly within the corporate limits of the plaintiff. Such street has been dedicated to the public as a public street and highway, and accepted by the public for that purpose. The defendant, without any right whatever, on May 5, 1911, built a fence in such street and thereby inclosed a portion thereof, and threatens to place other permanent structures therein, and to maintain such nuisance, whereby the street will be reduced in width sixteen feet, rendering it less convenient for public use and placing it in a dangerous condition, thereby causing a multiplicity of suits and working irreparable injury to the plaintiff. The plaintiff has no adequate remedy at law. Wherefore the plaintiff demands judgment abating the nuisance, and enjoining the defendant from maintaining such fence and structures in the street, and for general relief.

The defendant's first contention is that the city council, and not the city in its corporate name, should have instituted the action.

A municipality, whose public streets and grounds have been placed under the control of its common council, or other officers, may main-

tain an action to abate a nuisance therein and to enjoin its maintenance. Village of Pine City v. Munch, 42 Minn. 342, 44 N. W. 197, 6 L.R.A. 763; Township of Hutchinson v. Filk, 44 Minn. 536, 47 N. W. 255; Village of Buffalo v. Harling, 50 Minn. 551, 52 N. W. 931; City of Red Wing v. Guptil, 72 Minn. 259, 75 N. W. 234, 41 L.R.A. 321, 71 Am. St. 485. The plaintiff's charter (Sp. Laws 1891, pp. 131 and 139) places the care and control of its streets, and the duty of keeping them free from nuisances, in the city council, who are its officers and agents. Therefore the action was properly brought in the name of the municipality.

The defendant's next contention is that the complaint does not allege that the street is opened and traveled, or any inclosure of any part of the street, because of a mistake in the description thereof; hence it does not appear from any of the allegations that irreparable injury will result to the plaintiff or the public by the alleged acts or threatened acts of the defendant.

The complaint directly alleges that the locus in quo is, and has been for more than twenty years, a public street and highway, and that the defendant has without right inclosed a portion thereof by a fence. The complaint then attempts to describe the part so inclosed by metes and bounds; but this description, by reason of an evident mistake therein, is, as defendant claims, an impossible one, and describes nothing. This may be conceded, and it necessarily follows that the allegations as to the attempted description are surplusage. It is clear that the allegations of the complaint shows that the alleged acts and threatened acts of defendant will result in real and serious injury; that is, irreparable injury. 2 Dunnell, Minn. Digest, § 4471.

A consideration of the ultimate facts, to which we have referred, alleged in the complaint, leads us to the conclusion that they constitute a cause of action.

Order affirmed.