## CITY OF MARSHALL v. W. W. COOK, JR.[1]

December 3, 1926.

No. 25,497.

**Cement driveway above sidewalk abated as nuisance.**

The evidence sustains the finding that the defendant by building a driveway from the street across the sidewalk and into his lot wrongly obstructed the sidewalk. Such obstruction constituted a nuisance and it was subject to abatement by injunction.

Municipal Corporations, 28 Cyc. p. 859 n. 82; p. 893 n. 73; p. 899 n. 68; p. 904 n. 16 New.

Defendant appealed from an order of the district court for Lyon county, Enersen, J., after trial before Gislason, J., denying his motion for a new trial. Affirmed.

*A. R. English,* for appellant.

*James H. Hall,* for respondent.

DIBELL, J.

The defendant was enjoined from maintaining a nuisance and appeals from the order denying his motion for a new trial.

The defendant owns a lot in the city of Marshall facing to the south on Marshall street and to the west on Fourth street. In 1913 or 1914 a sidewalk was constructed along the westerly side of the lot. In 1919 Fourth street was paved and the grade was raised as the street went north. It is considerably higher than the sidewalk grade. There is an 18-foot boulevard westerly of the sidewalk. In 1924 the defendant constructed a driveway from Fourth street to the garage on his lot. The driveway is of cement and as it crosses the sidewalk is seven inches higher than the sidewalk. The finding of the trial court, supported by sufficient evidence, is that the driveway obstructs the flow of water from the south, constitutes an obstruction upon the sidewalk, and is a public nuisance. Such an ob-

[1]Reported in 211 N. W. 328.

struction is a public nuisance which may be abated by injunction. G. S. 1923, §§ 2615, 10241; Township of Hutchinson v. Filk, 44 Minn. 536, 47 N. W. 255; City of Jordan v. Leonard, 119 Minn. 162, 137 N. W. 740.

It is obvious that the trouble between the city and the defendant is easily remediable by them and at a cost to each much less than that of this appeal.

Order affirmed.