# WILLIAM EBERLE v. JOHN C. MILLER AND ANOTHER.[1]

February 11, 1927.

No. 25,684.

**Compensation governed by statute in force at time of injury.**

1. The right to compensation and to medical and hospital treatment, under workmen's compensation act, governed by law in force at time of injury.

**Medical and hospital treatment after total permanent disability.**

2. Whether employe who has sustained total permanent disability is entitled to further medical and hospital treatment, when all has been done that can be done to cure or improve the injury, rests in the discretionary power of the commission.

**When "and" is construed to mean "or".**

3. In construing statute, "and" held to mean "or" where the legislative intent clearly requires it.

**Limit of employer's liability for medical and surgical treatment.**

4. The amount for which an employer is liable for medical and hospital treatment fixed by statute at not to exceed the rate of $100 for each 90 days.

Statutes, 36 Cyc. p. 1115 n. 97, 98, 2; p. 1116 n. 3, 4, 5; p. 1123 n. 59. Workmen's Compensation Acts—C. J. p. 40 n. 92; p. 100 n. 76.

See note in L. R. A. 1916A, 261; L. R. A. 1917D, 178.

Certiorari to review an award of the industrial commission in a proceeding under the workmen's compensation act. Remanded.

*Denegre, McDermott & Stearns,* for relators.

*H. W. Goetzinger,* for respondent.

QUINN, J.

Certiorari upon application of the employer and the insurer to review the findings and award of the referee, approved and adopted by the industrial commission on May 4, 1926.

[1] Reported in 212 N. W. 190.

On September 15, 1922, respondent sustained accidental injuries, arising out of and in the course of his employment, in the nature of a fracture of his spine causing a paralysis of the lower part of his body and resulting in a total permanent disability. The employer and insurer accepted liability for such injuries and paid to the respondent compensation from the date of the injury up to December 2, 1925, in the amount of $3,024 and hospital and medical expense to that time of $4,357.85.

On December 2, 1925, the insurer notified the respondent that, inasmuch as operating treatment and further medical and hospital care would not bring about a cure, it felt that it should be relieved of further medical and hospital expense and accordingly notified him that it would discontinue paying the same. The respondent, on December 7 of the same year, filed his protest against such discontinuance. Thereafter the matter came up for hearing before the referee and, on December 30, 1925, he made findings that the respondent required further medical, surgical and hospital attention to cure and relieve him from the effects of his injuries and that the employer should resume the furnishing of the same indefinitely. An appeal was taken from the findings and award of the referee to the commission, which on May 5, 1926, after hearing, affirmed the findings and order.

It is conceded in this case that the respondent's injuries render him practically helpless and unable to control the action of the bowels and urinary organs, requiring the attention of someone almost constantly to care for him. The physician who attended him testified that his disability was permanent and that there is nothing in the way of medical, surgical or other treatment that can be done to alleviate, relieve or improve his present condition.

It is conceded that the obligation rests with relators to furnish medical, surgical and hospital treatment to the respondent so long as such treatment may tend to improve his physical condition or to repair or improve the malady with which he is afflicted as the result of his injury.

The compensation act in force at the time of the injury is L. 1921, p. 102, c. 82, § 19, which is as follows:

"Such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus, including artificial members, as may reasonably be required at the time of the injury, and during the disability for not exceeding ninety (90) days and not exceeding One Hundred ($100.00) dollars in value, to cure and relieve from the effects of the injury, shall be provided by the employer and in case of his inability or refusal seasonably to do so, the employer shall be liable for the reasonable expense incurred by or on behalf of the employe in providing the same; provided, however, that upon request by the employe made during or after said period of ninety (90) days and necessity being shown therefor the Industrial Commission may require the above treatment, articles and supplies for the cure and relief from the effects of such injury for such further time and amount as is just under the facts shown. * * *"

The right to compensation and to medical and hospital treatment under the compensation act is governed by the law in force at the time of the injury. As bearing upon this proposition, see State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N. W. 661; State ex rel. Globe Ind. Co. v. District Court, 132 Minn. 249-250, 156 N. W. 120; Soderstrom v. Curry & Whyte, 143 Minn. 154-158, 173 N. W. 649; Arnold & Murdock Co. v. Ind. Comm. 314 Ill. 251, 145 N. W. 342, 40 A. L. R. 1470.

The controlling issue here under consideration is whether an employe who has sustained accidental injury in the course of his employment, resulting in total permanent disability, is entitled to further medical and hospital treatment when all has been done that can be done to cure or improve his condition resulting from such injury. After hearing, the referee found that the respondent required further medical, surgical and hospital attention.

It is contended on behalf of the relators that "so long as it is possible to do anything to improve or restore that condition through medical or hospital treatment the obligation rests upon the employer and insurer to do so, but when the time comes when everything is done that can be done in that respect the obligation ceases." We

do not concur in this view of the situation. Where words used in a statute render the language unambiguous, a departure from their natural meaning is not justified, but if, in ascertaining the legislative intent, more than one significance may reasonably be attached to the language used or a literal construction will render the act absurd, the court may properly resort to construction. George v. Board of Education, 33 Ga. 344; Nephi Plaster & Mfg. Co. v. Juab County, 33 Utah 114, 93 Pac. 53, 14 L. R. A. (N. S.) 1043; Brenner v. Brenner, 127 Md. 189, 96 Atl. 287. In construing a statute words may be given a restrictive or comprehensive meaning. State v. Board of State Canvassers, 159 Wis. 216, 150 N. W. 542, Ann. Cas. 1916D, 159.

Had the accident resulted in the amputation of a limb instead of the fracture of the spine and the stub had healed completely and yet it was considered reasonably necessary that the employe have an artificial limb, would not the employer under the language of the act be liable for the reasonable expense in procuring the same? The artificial member would in no sense be considered a remedy or cure for the injury, though it would materially assist in relieving the man from the effect of the accident. The very provisions of the act render the employer liable for the reasonable expense incurred in providing treatment, including crutches and artificial members, such as may reasonably be required at the time and during the disability to cure and relieve from the effects of the injury for not to exceed the time and amount provided for in the statute or fixed by the commission. The legislative intent must have been to relieve as well as to cure, otherwise the provision for artificial members would render the act absurd and ambiguous. We think the words *cure and relieve* were intended to mean the same as *cure or relieve* and should be so construed. Weston v. Loyhed, 30 Minn. 221, 14 N. W. 892; State ex rel. Powell v. State Medical Ex. Board, 32 Minn. 324, 20 N. W. 238, 50 Am. Rep. 575; Kanne v. M. & St. L. Ry. Co. 33 Minn. 419, 23 N. W. 854; Railway Tr. Co. of Minneapolis v. Railroad & W. Comm. 39 Minn. 231, 39 N. W. 150; City of Red Wing v. Guptil, 72 Minn. 259, 75 N. W. 234, 41 L. R. A. 321, 71 Am. St. 485; State ex rel. Bahr v. Bates, 105 Minn. 440, 117 N. W.

844; State v. Rat Portage Lbr. Co. 106 Minn. 1, 115 N. W. 162, 117 N. W. 922.

The provision of the act relating to the necessity for further treatment places that matter in the discretionary power of the commission which should afford the employer ample protection. However, the matters here for consideration are whether relators are liable for treatment and care of respondent subsequent to December 2, 1925, and, if so, for how long and for what amount. The former question has been determined by the commission and, under the facts shown, this court should not interfere. The uncontroverted testimony of the attending physician and nurses was to the effect that, if the patient did not have proper care, he would have bed sores, dangerous to his life, and that a nurse would have to be in constant attendance and a physician should see him from time to time. The length of time which such liability is to continue rests in the discretion of the commission. The amount for which the employer is liable is clearly fixed by the statute at not to exceed the rate of $100 for each 90 days. The proceeding is remanded to the commission with directions to proceed along the lines indicated.

Remanded.