GLENN BROLLIER, EMPLOYEE, RESPONDENT, v. ROY B. VAN ALSTINE, EMPLOYER, APPELLANT, AND AMERICAN EMPLOYERS' INSURANCE COMPANY, INSURER, APPELLANT.—163 S. W. (2d) 109.

Kansas City Court of Appeals. May 25, 1942.

1234

*James R. Sullivan* and *Arthur R. Wolfe* for appellants.

*Spurgeon L. Smithson* and *Floyd R. Gibson* for respondent.

1238

SPERRY, C.—Glenn Brollier filed his claim with the Workmen's Compensation Commission against Roy B. Van Alstine, employer, and American Employers' Insurance Company, insurer. He claimed compensation for accidental injuries received while in the employ of Van Alstine. The Commission granted him an award against both employer and insurer. Both appealed to the circuit court where said award was affirmed. From that judgment they prosecute this appeal.

Employer, for many years prior to the happening of this accident, was engaged in a sales, decorating, and contracting business in Kansas City, Missouri, and operated under the trade name of Van's Sales and Decorating Company. In 1936 he filed with the Missouri Workmen's Compensation Commission an "acceptance" of the Workmen's Compensation Act. At that time employer had a partner named Armstrong, and the "acceptance" was, in part, as follows:

"1. Employer's name Roy B. Van Alstine and Wm. W. Armstrong d/b as VAN SALES AND DECORATING COMPANY.

"2. Employer's Missouri address 4048 Main Street, Kansas City, Missouri.

"3. State whether individual, corporation, partnership or common-law trust. Partnership."

Employer had been engaged in the same business and under the same trade name prior to the time he became associated with Armstrong, with whom he was associated as a partner for a short time only. After Armstrong left, the employer continued operating the same business, under the same name, at the same location, and was so operating at the time the accident herein occurred.

On March 8, 1940, insured issued its policy of insurance, under the Workmen's Compensation Law, whereby it promised "To pay promptly to any person entitled thereto under the Workmen's Compensation Law, . . . the entire amount of any sum due . . . to such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes . . . referred to as the Workmen's Compensation Law, . . . ;" and to pay "For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, . . ." The policy was issued to "Roy B. Van Alstine doing business as Van's Sales and Decorating Company." The policy was in full force and effect when claimant suffered injuries upon which the award herein mentioned was based.

The evidence before the Commission disclosed that during the month of August, 1940, one W. C. Anthony, who was engaged in the painting and contracting business, together with a partner, under the firm

name of W. C. Anthony Company, which firm was composed of Anthony and one Hubert Schmidt, submitted a bid for the painting and repairing of certain property in Kansas City which was owned by a non-resident owner, and which was under the control and management of Bliss Realty Company. Bliss Realty Company demanded that the workmen on this job be protected by insurance under the Workmen's Compensation Law. The Anthony Company had no such insurance. Anthony told Bliss Company that he would communicate with them later. He contacted Van Alstine and told him the situation and conditions and he and Van Alstine agreed that W. C. Anthony Company should contract to do the work and that Van Alstine should meet the payroll for the workmen employed, should cover said workmen with compensation insurance, and should furnish whatever equipment Anthony might require of him. Van Alstine and Anthony were to share profits and losses. The chief reason for their joining in the venture was in order that employees might work under, and be covered by insurance, under the Workmen's Compensation Law. Pursuant to this agreement between Anthony and Van Alstine the latter requested of insurer that it mail certificates of his insurance with insurer to Anthony, to Bliss Realty Company, and to the property owner, which insurer did. Anthony hired all employees, including claimant, and told him ''at the time he went to work on this job that he was working under the terms of the Workmen's Compensation Act; Workmen's Compensation was being carried on these jobs by Mr. Van Alstine, who was working with me on the jobs.''

Claimant is a painter. He commenced working on this job August 28, 1940. On August 30, 1940, he fell, from a platform where he was working, a distance of some twenty-five feet to the ground. His back was broken and the spinal cord injured so that, as a result thereof, he is paralyzed from the waist downward. He is virtually helpless and is totally and permanently disabled. When the accident occurred Anthony notified the employer, Van Alstine, who immediately called insurer by telephone and notified it of said accident. Insurer sent an ambulance after claimant and removed him from General Hospital to St. Luke's Hospital and told employer that the doctor was on his way out.

It is insured's contention that Van Alstine was not a major employer, as that term has been defined in Crevisour v. Hendrix, 136 S. W. (2d) 404, and Smith v. Grace, 159 S. W. (2d) 383. In our view of the case it is not necessary to discuss this contention.

Insurer contends that, as a minor employer, Van Alstine was not within the Act because: (a) The election filed with the Commission did not affect him as an individual employer but only affected employees of the partnership, the firm of Van Alstine and Armstrong, d/b as Van's Sales and Decorating Company; and (b) that there was no proof that notices of such election and acceptance were shown to

have been posted in and about his place of business, as required by Section 3693, par. 5, Revised Statutes of Missouri 1939.

Regarding contention "a" above, no Missouri cases are cited bearing on the point. Counsel for both parties to this controversy have been commendably diligent in behalf of their respective clients and have ably presented their views through the medium of a total of five briefs filed in this court, containing some ninety citations of authority from various state courts and recognized text writers. We think there is no Missouri authority directly in point or they would have cited it.

Insurer contends that a partnership is recognized in the Compensation Law, Section 3694, Revised Statutes of Missouri 1939, as a separate entity because an employer is defined to be "Any . . . partnership." We think that the term "partnership" was there defined to be an employer merely so as to include every conceivable method by which the relationship of employer and employee might arise. It will be noted that the section after naming "every person, partnership . . ." at the beginning of the paragraph, later therein includes "and every other person, . . . using the services of another for pay." We think the Legislature used the word "partnership" in its usually accepted sense, having in mind the nature, legal character, limitations, rights and liabilities of a partnership at common law. It did not intend that the term should be given a different meaning or connotation than that which the common law gives it, or to accord to it a character which it nowhere else has. [Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, l. c. 1007.] In Missouri a partnership is not a separate entity but is merely an ideal entity; it has no legal existence apart from its members. [Windisch v. Farrow, 159 S. W. (2d) 392, l. c. 394.] It would be contrary to the whole theory of the law of partnership to hold that a partnership may, through the action of the partners, accept the provisions of the Workmen's Compensation Law and that the partners, as individuals, are not affected thereby. While it has often been said that the Compensation Law is a code unto itself, nevertheless, it does not follow that the Legislature, in its choice of language, intended to give to said language a special meaning entirely different from its previously well-established meaning and significance. Section 3764, Revised Statutes of Missouri 1939, provides that all provisions of the Act shall be liberally construed. Certainly it could not be said that the construction contended for by insurer concerning the term "partnership" would be a liberal construction. It would be a narrow and illiberal construction and would have the effect of limiting the application of the Act in its scope. We hold that when a partnership accepts the provisions of the Act such acceptance applies also to the members of the partnership and they are individually bound thereby.

It is next urged that the acceptance was never completed in law so as to become binding on the employer because no notices were ever

posted in and about the place of business of employer, as required by Section 3693, Revised Statutes of Missouri 1939. The record is silent so far as direct evidence of the posting of the notices mentioned in said section is concerned. However, all of the testimony indicates that employer intended to operate under the Act and thought that he was doing so. He filed acceptance of it, although he stated that he did not specifically remember such filing. He took out insurance under it. He paid premiums on said insurance, said premiums being based upon the number of employees he had in his employ, plus those in the employ of sub-contractors working under him. When the instant contract was entered into he caused insurer to send certificates of his insurance to Anthony, to Bliss Realty Company, and to the owner of the property. His agent, Anthony, acting for him, employed claimant and told him that Van Alstine was one of his employers, that claimant would work under the Compensation Law, and that he would be covered by insurance. In the absence of proof to the effect that notices were not, in fact, posted, and in view of proof of his agent's direct statement to claimant that Van Alstine was an employer and was under the Act, we think there is substantial evidence to give rise to the inference that all formalities necessary for compliance with Section 3693, Revised Statutes of Missouri 1939, were complied with, including the posting and maintenance of notices. [See Paucher v. Enterprise Coal Mining Company, 182 Iowa, 1084, 1087.]

Insurer contends that claimant was not the employee of Van Alstine, but was the employee of a partnership, or of co-adventurers consisting of W. C. Anthony Company and Van Alstine. This contention is based on the theory that a partnership has a special meaning in the Compensation Law, different from what it has in ordinary usuage; and that an individual member of a partnership which is under the law, cannot be an employer under the law, in his individual capacity, unless he acts alone and not in partnership with another who is not a member of the firm that does operate under the law. We have already ruled the question in favor of claimant. However, the question as presented here requires further elaboration.

Van Alstine was under and within the Act. He engaged with others in an enterprise to paint and repair certain property and he and his associates employed claimant to work for them for pay.

No Missouri case directly on this question has been suggested by either party hereto. Insurer and employer contend that the decision in McNamara v. McNamara, 100 Atl. 31, (a Connecticut case) supports their position. That decision merely holds that an employee of a partnership, which partnership was operating under the Workmen's Compensation Law, was entitled to benefits under said Law. The court there held that "the doctrine of legal entity of a copartnership has no application to the case now before us." The court did not hold that a

copartnership is a legal entity when it operates under the Workmen's Compensation Law. On the contrary the court said that such doctrine had no application where, as there, there existed, ''. . . the relation of master and servant between the deceased and the copartnership.'' The decision does not declare the principle that a member of a partnership which is under the operation of the Compensation Law will escape liability under said law if he associates himself with others not members of the first named partnership, or acts alone.

Insurer cites a decision by the Supreme Court of Oklahoma, Flowers v. Hill, 119 Okla. 275, 294 Pac. 704, 1. c. 705. It is there held that an insurance policy issued to an individual to cover his liability under the Workmen's Compensation Law, does not cover insured's liability under said law for injuries received by a workman employed by insured and another as partners in an enterprise engaged in by them as partners. In that case it appeared that insured was also engaged as an individual in other construction work at another place at the time said injury occurred. The court engaged in but little discussion in arriving at its decision and gives no clear reasoning in support thereof.

The only case cited by claimant on the point is one from the Supreme Court of California, *en banc*, Reed v. Industrial Accident Commission, 73 Pac. (2d) 1212. There the appeal was for the purpose of determining the liability of insurer (employer had been held). Insurer had issued its policy to W. B. Mellott, an individual. Thereafter Mellott became associated with one Gordon, and a compensable injury was suffered by one of their employees. The policy remained unchanged. Insurer contended that claimant was the employee of Gordon and Mellott, a copartnership, and that he was not the employee of Mellott, an individual, who was injured. The court held, 1. c. 1213:

''The underlying fallacy in respondent's argument is the assumption that the partnership is a distinct unit, separate from the members thereof. Occasional suggestions of this 'entity' theory of partnership are found in statutes or decisions, but, apart from exceptional situations, a partnership is not considered an entity, but an association of individuals . . . an employee of a partnership is an employee of each of the partners, and no individual partner may escape liability to such employee on the ground that only the partnership and not the individuals composing it can be held. It is immaterial whether the liability of the partners in this situation is joint and several, or joint, . . . Mellott was an employer of petitioner Reed and was undoubtedly liable to Reed for workmen's compensation . . ., the (Insurance) company must perform its obligation by paying the award.''

The decision declares the law to be that ''Whether change of a business from single individual to partnership, or partnership to individual,'' such change does not avoid liability of an insurance carrier in cases of this character.

While there is no Missouri decision which has been called to our attention that deals with the exact factual situation here presented, the Supreme Court, in an opinion prepared by HYDE, C., in a Workmen's Compensation case, declared: "A partnership is not an entity apart from the individuals composing it. [47 C. J. 947, par. 457; 20 R. C. L. 799-806, pars. 1-6.]" [Chambers v. Macon Wholesale Grocer Company, 70 S. W. (2d) 884, l. c. 889.] We, therefore, believe the more logical conclusion to reach on this question is that an employee of a partnership is the employee also of each individual member of said partnership; that if any of said partners are amenable to the provisions of the Workmen's Compensation Law, and if the Commission has jurisdiction of the person and subject-matter, such partner, as an individual, is liable under said law for injuries received by such employee; and that, if such partner carries Workmen's Compensation insurance, as an individual, the insurance carrier is liable to pay an award made against insured. A different conclusion, we think, would be illogical.

Insurer also contends that the Commission had no authority to make an award against it, even if it did have such authority as to employer; that the Commission lacked jurisdiction to construe the insurance contract so as to include in its coverage a workman employed by the partnership when the policy was issued to insured as an individual. There is nothing in this contract of insurance to construe. The policy, which is in full force, by its plain terms binds insurer to pay any award of the Commission made against the employer in favor of his employees under the Workmen's Compensation Law. The Commission had power to make an award as against insured, and did do. In making the award against insurer it was not necessary to construe the policy because it plainly covered any liability of insured under the Workmen's Compensation Law. We have previously held that if there is any question between insured and insurer over a policy which, on its face, is valid and in force, such question must be settled in a separate action in a court of law or equity: "The Commission had no power to do otherwise than to enforce and apply its terms as the same appears in the policy." [Kelly v. Howard, 123 S. W. (2d) 584, l. c. 587.]

Insurer contends that the Commission erred in holding that claimant was in the joint employ of two or more persons. This contention is apparently bottomed on the theory that Anthony Company and Van Alstine were partners and could not be joint employers. It is urged that if the individual members of a partnership are construed to be employers (Section 3694) then Section 3697, Revised Statutes of Missouri 1939, which establishes liability of joint employers, is merely cumulative and meaningless. We think that situations might arise whereby a workman might be in the joint employ of two or more persons who were not partners and also that individual members composing a partnership firm may be jointly and severally held under the Workmen's Compensation Law. Claimant could choose to hold one

and not hold another in such case. [Schultz v. Moerschel Products Co., 142 S. W. (2d) 106.] The two sections may overlap to some extent; but it does not follow that the latter section is rendered wholly meaningless and merely cumulative by reason of our decision herein.

Contention is made that the Commission exceeded its powers in that it, after having found claimant to be totally and permanently disabled, made the following award:

". . . and further, that the evidence shows said employee will need additional medical attention in the future and said employer and insurer are hereby ordered to furnish him all the medical, surgical and hospital treatment that may be *reasonably* necessary to cure and relieve him from the effects of his injuries." (Italics ours.)

The medical evidence was to the effect that claimant suffered three fractured vertebrae and an injury to the spinal cord which resulted in total paralysis from the waist downward; that he will never again be able to walk without leg braces; that he has permanently lost control of the bladder and bowels; that he will, throughout his life, require the supervision of doctors or nurses; that he required hospitalization at the time of the hearing; and that he is incurable. The medical evidence further tended to prove that claimant would require care of his bladder to prevent infection; that he should have his legs massaged, otherwise that his feet will "drop," in which event he will never be able to walk, even with the aid of leg braces; that if he receives proper treatment he probably will be able, at some future time, to walk with the aid of leg braces; that proper medical and hospital treatment will give him comfort in the time to come.

Section 3701, Revised Statutes of Missouri 1939, under which the Commission acted in respect to this matter, provides, in part, as follows:

"In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first ninety days after the injury or disability, *to cure and relieve* from the effects of the injury, not exceeding in amount sum of seven hundred and fifty dollars, and thereafter such additional similar treatment as the commission by special order may determine to be necessary, . . ." (Italics ours.)

Insurer contends that the terms "cure and relieve," are used in the conjunctive and that, since claimant cannot be "cured" of his injuries the Commission lacks the power to order insurer to furnish hospitalization and medical and surgical treatment to "relieve" him.

We think such a position is untenable. The two words do not have identical meaning and the Legislature must have intended that both words should be given effect, else it would not have used both. The statute should be construed, if possible, so as to give effect to both terms; but we cannot rewrite the statute under the guise of construc-

tion. [State ex rel. Mills v. Allen, 344 Mo. 743, l. c. 751.] The terms are defined in Webster's New International Dictionary as follows:

"Relieve—'to give ease, comfort, or consolation to; to give aid, help, or succor to; alleviate, assuage, ease, mitigate; succor, assist, aid, help; support, sustain; lighten, diminish.

"Cure—'Act of healing, or state of being healed; restoration to health from disease, or to soundness after injury.''

The words as used in the statute must be given their usual and well-recognized meaning, and the statute must be liberally construed. Claimant in this case may be "relieved," that is, given comfort, succor, aid, help, and ease, in his suffering; but he cannot be "cured" or "restored to soundness" after his injury.

Insurer cites Johnson v. Kruckemeyer, 29 S. W. (2d) 730, and Cook v. Kelly, 142 S. W. (2d) 1091, l. c. 1095, both Missouri decisions. The first deals with a case which is not similar to the case at bar and does not aid us in any way. The second deals with a benevolent hospital benefit claim and the court held that plaintiff was not entitled to further hospitalization after he ceased to be a member of the police department, from which department he had theretofore been discharged. It was a case on contract and not a Workmen's Compensation case.

It cites several decisions of the courts of other States. In Wilson v. Brown-McDonald Company, 278 N. W. 254, it was held that the Commission had no power to order plastic surgery which would only partially, and doubtfully, remove facial disfigurement; and it does not appear from the decision that it would have "relieved" him in any way. In Millwood v. Firestone Cotton Mills, 2 S. E. (2d) 560, it was held that after it became apparent that no amount of hospitalization or medical treatment could restore claimant to sanity and industrial employability such hospitalization and treatment could not be ordered at the expense of insured; but the case was bottomed on a statute specifically authorizing such treatment only in the event same would reduce the period of disability. In Meuse's case, 169 N. E. 517, it was held that, after insurer had paid all compensation awards in full, and had paid out some $9000, in addition, for medical, hospital and surgical treatment, *and after the expiration of the statutory period covered by the compensation payments had expired,* the Commission had no power to order insurer to furnish further medical care and treatment. The decision seems to rest on the theory that since the period covered by compensation payments had expired, the Commission thereby lost further jurisdiction of the matter. In the case at bar the award is as follows:

"For Permanent Total Disability the sum of $15.63 per week for 300 weeks, and thereafter the sum of $6 per week for the remainder of his life. Said payments to begin as of September 1, 1940, and to be

payable and be subject to modification and review as provided in said Law.'' Meuse's case, *supra*, is not in point here.

In U. S. F. & G. Co. v. Department of Indus. Relations, 277 Pac. 492, 207 Cal. 144, the Supreme Court of California reviewed the authorities of that State on this precise question. There the statute, as in Missouri, uses the expression ''cure and relieve,'' in connection with the furnishing of medical aid and hospitalization to injured employees under the Compensation Law. Petitioner in that case, as here, contended that after it was established that claimant was totally and permanently disabled the Commission lacked the power to order any further hospitalization or treatment. The court there said, l. c. 150, 151:

''To hold that an employee who has sustained permanent injuries is not entitled to medical treatment for the reason that his condition is beyond cure would be to eliminate entirely the word 'relieve' from the above section of the act. It must be presumed that the Legislature had some purpose in mind in the use of the word 'relieve' as it is found in the act, and it is the duty of the courts so far as they are able, in construing said act to give effect to this word, as well as to all other words and provisions of said act. By section 69 of said act it is provided that whenever any part or section of said act is interpreted by the court 'it shall be liberally construed by such court with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment.' If we should follow the ordinary rules of construction applicable to the interpretation of statutes in determining the meaning of section 9a of said act providing that the employer furnish such medical treatment 'as may reasonably be required to cure and relieve from the effects of the injury' we would hesitate to hold that 'cure and relieve' meant simply to cure, and that an employee permanently injured was not entitled to medical treatment for the reason that his injury was beyond cure, if such treatment would tend to relieve said injury. We would find it difficult to conclude that the Legislature did not intend to provide medical treatment for the relief as well as for the cure of his injuries, and that in the case where the injury was permanent and could not, therefore, be cured, it was not intended that the injured employee should be furnished with such medical treatment as might be required to relieve him from the effects of his injury. When, however, we seek to construe this section of the act in the light of the injunction found in section 69 thereof, we think that there can be no question as to our duty to give it that liberal construction which its phraseology clearly warrants, and which will result 'in extending the benefits of the act for the protection' of the injured employee Hardy. This may necessitate holding that the words 'cure and relieve' were intended to mean the same as 'cure or relieve.' In our opinion that is the only reasonable conclusion that can be reached when we consider the act as a whole and its objects and purposes. A similar conclusion

was reached by the the Supreme Court of Minnesota in the case of *Eberle* v. *Miller*, 170 Minn. 207 (212 N. W. 190)."

In Eberle v. Miller, 212 N. W. 190, 170 Minn. 207, l. c. 208, the court held that "cure and relieve," as used in the Minnesota statute, meant "cure or relieve." We are in accord with the decisions reached by the California and Minnesota courts.

Insurer contends that such a construction as is contended for by claimant here would have the effect of requiring it to hospitalize claimant for the remainder of his life. Under the award made by the Commission herein insurer is required to continue furnishing medical, surgical and hospital treatment; but the Commission did not order that such shall be continued for any definite period of time, to-wit during the remainder of claimant's life. The order is based on the condition and requirements of claimant as the same were shown to be by the evidence at the hearing upon which said order is based.

Insurer says that claimant could as well be cared for at home as at a hospital, and at much less expense; that it is unfair to require it to furnish claimant with bed and board, as well as with medical care and treatment when the latter is really all that he reasonably requires. The evidence indicated that hospital treatment was what was required and the Commission so found. In making this order the Commission was within the provisions of the statute in ordering "such additional *similar* treatment," as that which is authorized in the preceding portion of the statute, and which claimant had theretofore been receiving.

Finally, insurer contends that the order does not meet the requirement of the statute in that the Commission did not "by special order" determine that such treatment was necessary. Claimant was injured August 30, 1940, and had been in St. Luke's Hospital from that date until the date the Commission made its final award herein, May 19, 1941. By its award the Commission ordered insurer to pay all "necessary and reasonable medical, surgical and hospital treatment rendered employee to date, including a bill of Drs. Frank Dixon and Rex Dively for $680 and a bill of St. Luke's Hospital . . . for $851;" and following this came the further order touching future medical, surgical and hospital treatment heretofore set out. The Commission almost literally complied with the statutory requirement regarding the making of a special order herein. The point is ruled against insurer.

The above disposes of all points called to our attention by insurer and employer. The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.