**Alice E. WILLIAMS, Appellant,**

v.

**A.B. CHANCE COMPANY and Liberty Mutual Insurance Company, Respondents.**

No. WD 34841.

Missouri Court of Appeals, Western District.

May 22, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied Oct. 9, 1984.

Terence C. Porter, Columbia, for appellant.

Larry D. Valentine, St. Louis, for respondents.

Before PRITCHARD, P.J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The employee Williams appeals from a judgment of the circuit court to affirm the final award for workers compensation entered by the Labor and Industrial Relations Commission. The decision of the Commission, in turn, adopted the full statement and determination by the administrative law judge on the issues presented by the claim for compensation. The employee Williams suffered a serious injury to the ankle. The two contentions submitted to the administrative law judge for decision were: (1) the nature and extent of permanent partial disability, and (2) responsibility for the costs of future medical treatment to the employee. The administrative law judge determined that the accident caused a 50% permanent partial disability of the lower left extremity at the ankle, and awarded the employee a sum of $6,200. The administrative law judge denied the claim for the cost of future medical treatment on the premise that: "there is no law upon which to predicate allowance for future medical treatment in a permanent partial disability award."

The final award entered by the Industrial Commission merely found that the determination of the administrative law judge was supported by competent and substantial evidence and was in accordance with law. The text of the administrative law judge decision was expressly adopted as an integer of the final Commission award. The employee does not contest the award for permanent partial disability, but only that the determination that the Workers Compensation Act does not allow for the cost of future medical treatment in a cause of permanent partial disability award misreads the enactment. The appeal, therefore, presents a question of law.

The facts of the claim are not disputed. We recount in narrative the essential evidence found by the administrative law judge and adopted by the Commission in the final award. The employee suffered a compensable accident on August 31, 1977—the fracture of the distal left fibula [also described as the lateral malleolus]. The employee was treated by the company physician, Dr. William Bradley who performed a closed reduction and then referred her to orthopedic surgeon Davis when fracture failed to heal properly. In December of 1977, she was operated on for the removal

of a loose osteochondral fragment in the ankle, but later x-ray revealed that a bit of the detritus remained. Dr. Davis considered that the fragment was "out of the way" and so should not impinge on the function of the ankle, and so did not recommend further treatment. The surgeon continued to see the employee regularly through November of 1978, and released her to work on February 28, 1978. In November of 1978, when Dr. Davis saw the employee last, he concluded:

"[W]hen I saw the patient last, it was my feeling that she had some stiffness. But, no real pain. And at the level of discomfort that she had, which was only stiffness, it was my feeling that the loose fragment be left alone. I did admonish her that there was a possibility that she could have further trouble with it, and could also develop traumatic arthritis, which is a roughening of the joint as a result of an injury.

The surgeon advised the employee that "in the future she may have to have it redone, and/or in the distant future she may require something more elaborate than merely removing the fragment." That allusion was to a fusion of the ankle joint [an arthrodesis]. Dr. Davis gave opinion that the need for future medical and surgical care "would be more likely that she would, than that she would not."

Then, in September of 1979, the employee consulted with Dr. James Bolin, another orthopedic surgeon, to examine the ankle. His x-ray examination disclosed the traumatic arthritis had spread throughout the entire ankle joint.[1] Dr. Bolin gave opinion that the arthritis was the result of the work accident of August 31, 1977, and that the condition would progress "to the point where in my opinion, she will need at some future date a fusion of the ankle."

The claim for compensation was heard on May 6, 1980. The employee had by then worked some thirteen months without medical treatment. She clothes the ankle in a support sock and wears boots while at work to allay discomfort. A prolonged stint upon her feet induces pain and swelling in the ankle.[2]

The determination by the administrative body to deny the employee allowance for future medical expenses, however, rests not on an assessment of the evidence, but on the peremptory conclusion, *simpliciter*, that: "there is no law upon which to predicate allowance for future medical in a permanent partial disability award." The employee asserts that § 287.140.1, RSMo 1978, confers that right. The employee asserted that precise claim of right to the Commission on the Application for Review. The relevancy of that statute to the claim for compensation, however, was never adjudicated either by the administrative law judge or by the Commission. Thus, the "conclusion of law" declared by the administrative law judge [and adopted by the Commission in the final award] to deny the claim of benefit lacks even the cachet of a statutory reference.

The employee suffered a compensable injury on August 31, 1977. On that date, the extant § 287.140.1[3] provided:

---

1. The *Statement of Facts* integral to the *Findings of Fact* and *Conclusions of Law* of the award comments parenthetically: "It might also be well to note that Dr. Bolin did not have the benefit of Dr. Davis's x-rays. It is the considered opinion of this tribunal that had Dr. Bolin had these x-rays available to him, his rating would have been substantially higher because of the rapid progression of the traumatic arthritis." The administrative law judge included in that parenthesis the additional comment: "It is also the considered opinion of this tribunal that had Dr. Davis known how rapidly the traumatic arthritis would spread in the affected ankle, his rating would have been appreciably higher than it was."

2. The award of the administrative law judge adds this additional interpolation: "In view of the traumatic arthritis which, undoubtedly, is continuing to spread, the undersigned can well appreciate that she would have pain quite frequently if she stands on her feet for any length of time."

3. The text of § 287.140.1 [as rescripted above] was amended on June 8, 1977, to extend from 90 days to 180 days after injury the period of obligatory treatment to an employee by an employer without necessity of a special order for that purpose. That amendment was enacted by an emergency clause and so became effective upon the very day of passage and approval.

In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first hundred and eighty days after the injury or disability, *to cure and relieve from the effects of the injury, and thereafter such additional similar treatment as the division or the commission by special order may determine to be necessary ....* [emphasis added]

This section acquits one of the basic purposes of a Workers Compensation Act: to provide for the medical treatment of an injured employee. The direction of the statute in effect at the time employee Williams was injured [rescripted above], that the employer treat an employee as may be required for the first one hundred and eighty days after injury, is absolute and unqualified. *Wilson v. Emery Bird Thayer Company*, 403 S.W.2d 953, 957[2, 3] (Mo.App.1966). That period [under the extant statute] was subject to extension, but only by a special order of the Commission that additional treatment was necessary to cure and relieve the employee from the effects of the injury. *Gill v. Massman Construction Co.*, 458 S.W.2d 878, 881[1] (Mo.App.1970); *Taliaferro v. Barnes Hospital*, 586 S.W.2d 429, 432[5] (Mo.App. 1979).

The employee asserts claim under the *special order* proviso of then § 287.140.1.[4] The Commission refused the claim on the conclusion that the law does not countenance such an allowance "in a permanent partial disability award." The employer treats the denial of benefit as a question of fact concluded by the evidence, and hence by the rule that an administrative award supported by competent and substantial evidence must be sustained on judicial review. The exposition of the employer assumes simply that the denial of the allowance by the Commission rests on the administrative assessment that the employee assertion of the need for a surgical fusion of the ankle was too speculative, and hence was open to rejection by the finder of fact. The recitation of the facts by the administrative law judge as well as the conclusion of law antecedent to the rendition of award, however, establish clearly that [other than to determine a 50% permanent partial disability of the left leg at the ankle] the Commission disallowed the claim for special order as a matter of law.

The comments and parentheses to the evidence which intersperse the Statement of Facts recitation by the administrative law judge [and adopted by the Commission] display, rather, a disposition to infer an even more dire medical diagnosis, prognosis and assessment of disability than *any* physician attributed. Thus, the final award determined a 50% partial permanent disability at the left ankle, although the ratings in evidence were 20% and 45% at that member. The recitation in the Statement of Facts presages that ultimate finding of fact with the comment: "It is also the considered opinion of this tribunal that had Dr. Davis known how rapidly the traumatic arthritis would spread in the affected ankle, his rating would have been appreciably higher than it was." The contention of the employer that the denial of the special order rests on the adjudicated fact of a

---

That same section was thereafter amended in the same session by S.B. 399 to delete altogether the 180 days limitation for obligatory treatment as well as for a special order as a precondition for treatment thereafter. That amendment became effective, in the usual course, on September 28, 1977. The employee suffered the work injury on August 31, 1977, while the June 8, 1977, amendment was still in effect. A precondition for an allowance for future medical costs—after the lapse of 180 days—under that enactment [a prerequisite not imposed thereafter] was the *special order* of the Commission to that end. There is no contention that the claim for compensation was not sufficient as a request for such a special order, or that the issue was not fully presented to the administrative law judge and the Commission for determination.

4. As we note, the amendment of the section wrought by S.B. 399 removes altogether the time limitation on the medical aid owed an employer to an injured employee—and hence the concomitant of a special order for that purpose.

**4**

medical condition, and hence need, not present but speculative, and so not proven, is belied by the interpolation of the evidence given by the administrative law judge in the Statement of Facts: "In view of the traumatic arthritis which, undoubtedly, is continuing to spread, the undersigned can well appreciate that she would have pain quite frequently if she stands on her feet for any length of time." This is not to say that the administrative finder of fact was compelled to the inference of a present need for surgery, but only that the official record of the administrative law judge—contrary to the contention that the claim was defeated by the adjudicated fact that the evidence was speculative—intimates the sufficiency of the proof to sustain such a claim. The adjudication of the special order, the administrative proceedings disclose, rests on a conclusion of law, and not on a determination of evidence.

The right to medical aid is a component of the compensation due an injured worker under § 287.140.1. *Lutman v. American Shoe Machine Co.*, 151 S.W.2d 701, 707[7, 8] (Mo.App.1941). The statute entitles the worker to a regimen of medical treatment as may be required *to cure and relieve from the effects of the injury. Brollier v. Van Alstine*, 236 Mo.App. 1233, 163 S.W.2d 109, 114[7, 8] (1942). The statute then in effect also provided for a special order for additional treatment when the restoration from injury could not be completed within the first one hundred and eighty days after the disability. That was a recognition that to impose an arbitrary temporal limit on the duty to cure and relieve from the effects of injury would often defeat one of the objectives: to restore the body to the optimum physical soundness. *See* 2 Larson's Workmens Compensation § 61.11 (1983); *also* present § 287.140.1, L.1977, p. 463 § 1. In *Brollier v. Van Alstine*, supra, and in *Gill v. Massman Construction Co.*, supra, and in *Stephens v. Crane Trucking, Incorporated*, 446 S.W.2d 772 (Mo.1969), the court found the employee entitled to a special order for treatment beyond the initial period prescribed by the respective statute even where the claimant was adjudicated to be permanently and totally disabled so that *cure* [restoration to soundness] was not possible. Those decisions construed the *cure and relieve* obligation imposed by the statute upon the employer to mean treatment which gives comfort [relieves] even though restoration to soundness [cure] is beyond avail.

The employee Williams claims a special order for treatment not only to relieve the discomfort of continued pain, but to further cure the permanent partial ankle disability by surgery. The policy of the statute to allow treatment beyond the initial time prescription is more nearly subserved where the medical aid tends to restore to a body economic soundness—as in the case of a condition of permanent partial disability—than where treatment can only relieve and comfort—as in the case of a condition of total permanent disability. The conclusion of law by the administrative judge to the contrary [adopted by the Commission] was erroneous. The employee Williams is entitled to an adjudication of her claim for special order for additional medical treatment. The merit of that claim presents issues of fact for administrative determination: among them, a subsistent condition of injury in need of treatment proven beyond speculation by competent and substantial evidence [*Stephens v. Crane Trucking, Incorporated*, supra, l.c. 781] and a causal flow between the original compensable injury and the subsistent condition [*Gill v. Massman Construction Co.*, supra, l.c., 458 S.W.2d 881; *Wilson v. Emery Bird Thayer Company*, supra, l.c. [7–11] (Mo. App.1966)].

The judgment of the circuit court is reversed with directions to remand the claim to the Industrial Commission for further proceedings for the determining of the claim for special order for additional medical treatment.

All concur.