David C. **CLARE,** Claimant-Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION** and Transport Insurance Company and Wilson Freight, Defendants-Respondents.

No. 49372.

Missouri Court of Appeals,
Eastern District,
Division Six.

Aug. 27, 1985.

---

Frank Joseph Niesen, St. Louis, for claimant-appellant.

Robert T. Hart, St. Louis, for defendants-respondents.

KAROHL, Judge.

Claimant-employee appeals from a circuit court judgment which affirmed in part the decision of the Labor and Industrial Relations Commission in a Workers' Compensation case. The court remanded part of the claim to the Commission for further proceedings. We dismiss for lack of jurisdiction.

Claimant was an employee of Wilson Freight Inc. On April 1, 1978, he was injured during the course of his employment while driving his employer's truck in the vicinity of Terre Haute, Indiana, when the steering wheel of the truck came off. In order to stop the truck employee had to reach under the dashboard to grab the spine shaft. In April 1978, the employer's report of injury described an injury to the right hand and left arm. The employee's original claim for compensation described an injury to the left forearm and elbow. An amended claim for compensation alleged an injury to the left arm, elbow, back and other parts of the body. The original claim was filed in July 1978 and the amended claim in December 1982. However, employee testified he experienced the pain in his back since the April 1978 injury, and the problem with his back suddenly became worse in May 1981. There was no dispute of causation with regard to the arm. The contested issue was causation of the alleged back injury. On this issue the administrative law judge found in favor of the employer and insurer. The Commission affirmed this finding and the circuit court agreed. However, the circuit court determined that the injuries to the left elbow may require further medical care including surgery. Relying on the provisions of § 287.140.1 RSMo 1978, the trial court remanded this case to the Industrial Commission for further administrative review of whether petitioner is entitled to further medical care regarding the arm injury.

Our first duty is to determine finality of judgment and resulting jurisdiction. § 512.020 RSMo 1978; *Paulus v. Lipe,* 688 S.W.2d 405, 406 (Mo.App.1985). We have a duty to inquire and determine sua sponte whether a final appealable judgment has been rendered by the trial court. *Payan v. Heise,* 688 S.W.2d 403, 404 (Mo.App.1985).

In the present case respondents have suggested that the judgment of the trial court may not be final for purposes of appeal. They also contend that the trial court was without authority to alter or amend the award of the Commission. Respondents have requested this court to set aside the provisions for remand and reinstate the award of the Commission.

Section 287.490 RSMo 1978, provides that final awards of the Commission shall be conclusive and binding unless an appeal be taken. On appeal the circuit court was authorized to review only questions of law and to modify reverse, remand for hearing or set aside an award on four grounds none of which apply in the present case.[1] However, the remand of the trial court was premised upon a finding that the award of the Commission was not a final award. The remand directed the Commission to consider a matter that had not been made part of the award which rendered the award not final. Only final awards of the Commission are reviewable on appeal. *State v. Eversole*, 332 S.W.2d 879, 881 (Mo. banc 1960). The determination necessary to complete the award of the Commission is one of fact and must be made by the Commission and not the circuit court. *Birschkus v. Krey Packing Company*, 464 S.W.2d 545, 547. (Mo.App.1971). Accordingly, a remand to the Commission for that purpose was required when the trial court found that the award was incomplete. *See Williams v. A.B. Chance Co.*, 676 S.W.2d 1, 4 (Mo.App.1984).

We find that the partial remand was authorized. The appellant employee has attempted an appeal from a judgment which did not dispose of all of the parties and all of the issues as required by § 512.020 RSMo 1978. The appeal is dismissed as premature.

CRIST, P.J., and SATZ, J., concur.

---

**1.** Effective August 13, 1980, Section 287.495 RSMo Supp.1980 provides for direct appeal from the Commission to the appellate court.