**Rex Edward JEROME, Appellant–Respondent,**

v.

**FARMERS PRODUCE EXCHANGE, Respondent–Appellant.**

No. WD 44597.

Missouri Court of Appeals, Western District.

Dec. 31, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied April 21, 1992.

**4**

Edgar S. Carroll and Andrew J. Gelbach, Warrensburg, for appellant-respondent.

John R. Meharry, Cook & Meharry, Kansas City, for respondent-appellant.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Rex Edward Jerome appeals from a workers' compensation award for nursing services of eleven and one-half hours per week. His employer, Farmers Produce Exchange, also appeals from the award. The award in question was made by the Labor and Industrial Relations Commission pursuant to the directive in *Jerome v. Farmers Produce Exchange*, 797 S.W.2d 565 (Mo.App.1990), in which this court reversed an award made by the Commission and remanded the cause "for reconsideration upon the entire record." *Id.* at 570.

The award of the Commission is affirmed.

Rex was employed as a truck driver by Farmers in 1981 when the Farmers' truck he was driving overturned. As a result of the accident, Rex was paralyzed from the waist down. Rex's injuries were detailed in the *Jerome I* opinion, as were the nursing services provided for Rex by his wife, Polly. The Commission found that the nursing services were justified and that Polly was entitled to compensation at a rate of $7 per hour. *Id.* at 566. Although the record would have supported an award of up to twenty-five hours per week, the Commission awarded compensation based upon one hour per week. *Id.* at 568. On review, this court found the evidence before the Commission did not support such a figure. The court stated, "[o]nce [the Commission] agreed the nursing duties were justified they were required to base their judgment on the evidence and not their speculative idea of how much time Polly spent in care for Rex." *Id.*

Upon remand, the Commission awarded compensation for eleven and one-half hours per week of nursing services. The award was computed by using the maximum twenty-five hours per week figure and subtracting the thirteen and one-half hours per week that Polly spent in meal preparation. No new evidence was introduced; the award was made based upon the same evidence the Commission had before it in making its earlier award. In his appeal, Rex Jerome challenges the eleven and one-half hour award, claiming that the Commission erred by not awarding twenty-five hours based upon the decision in *Jerome I* and because there was not sufficient and competent evidence to support the award of eleven and one-half hours. The employer, on the other hand, claims that the eleven and one-half hour award was based upon speculation and that there is not sufficient competent evidence in the record to warrant the making of the award. The employer claims that the facts found by the Commission do not support a finding that the nursing services were necessary. The employer's contention will be addressed first.

Farmers Produce Exchange is trying to re-litigate an issue conclusively decided in *Jerome I*, the issue of whether Polly's nursing services were necessary and therefore compensable. In the original action, the Commission found that there was a need for general nursing care "above and beyond the services ordinarily performed by a wife for her husband." This court, in exhaustive detail, enumerated the myriad services performed by Polly to aid Rex and concluded that, "[t]he evidence is clearly overwhelming that Polly spends a great deal of time nursing and caring for her husband Rex." *Jerome*, 797 S.W.2d at 570. This court did not reject the contention that such care was necessary but instead found that there was no substantiation for the award of one hour per week, finding that, "[i]n view of the totality of the evidence demonstrating the many nursing functions that Polly performed the majority decision was not in conformity with the evidence but was speculative." *Id.* at 568. The concurring opinion addressed the issue this way:

The order of the Industrial Commission poses as the issue for decision: "whether or not the employee [Jerome] is in need of and entitled to nursing care as the result of his work-related injury." The order decides that Jerome needs such care and that his wife, a certified nurse assistant who regularly performs the service—a species of care above and beyond the kind usually rendered by one spouse to the other—is entitled to compensation for it. The order also decides that Jerome is entitled to compensation for the nursing care at the rate of $7 per hour for one hour each week.

The nature of the nursing care that the husband needs and the wife administers is expressly found in the order of the Industrial Commission and recounted in detail by the principal opinion. It is the same regimen of care that the husband describes and the wife confirms. It is the same regimen of care that the Commission majority finds also from the testimony of the wife, testimony "credible and worthy of belief." It is a kind of needed care, moreover, the Commission

determined even as against the contending medical evidence of the employer. *Id.* at 570. (Shangler, J. concurring).

Unless there has been a change in the evidence or the issues, the previous holding of the court of appeals is considered the law of the case and effectively concludes any issues decided on remand and upon a subsequent appeal. *Gamble v. Hoffman*, 732 S.W.2d 890, 895 (Mo. banc 1987). "The decision of an appellate court is the law of the case on all points presented and decided and remains as such throughout all subsequent proceedings both in the trial and the appellate courts and no question decided in the first appeal will be considered in the second." *Brooks v. Kunz*, 637 S.W.2d 135, 138 (Mo.App. 1982). The question of the necessity of nursing services was conclusively and expressly decided in *Jerome I*. Even were it not so clearly stated, it is necessarily implied, and such is equivalent to expression. *Gold Lumber Co. v. Baker*, 46 S.W.2d 189, 190 (Mo.App.1932). The employer's points are denied.

Rex Jerome argues that the trial court erred in finding that eleven and one-half hours per week was the correct figure for an award of nursing services. He claims that the only evidence before the Commission was that Polly spent some twenty-five hours assisting Rex and that the award of eleven and one-half hours violated the mandate of this court. Further, Rex asserts that there was not sufficient and competent evidence to support the eleven and one-half hour figure where the evidence supports an award of twenty-five hours per week, and the Commission erroneously excluded the time Polly spent planning and preparing Rex's special diet.

In *Jerome I*, this court reversed the award of the Commission, remanding "for reconsideration upon the entire record." *Jerome*, 797 S.W.2d at 570. The mandate read:

Now on this day, the Court having been sufficiently advised of the premises, orders that the judgment of the Labor and Industrial Relations Commission be reversed and for naught held, and that

the Appellant–Respondent, Jerome, be restored to all things lost by reason of the judgment. It is further ordered that the cause be remanded to the Labor and Industrial Relations Commission for further proceedings therein, in conformity with the Opinion of this Court herein delivered; and that the Appellate–Respondent, Jerome, recover against the Respondent–Appellant, Farmers Produce Exchange, the costs and charges herein expended and have execution therefor.

■ "On remand, proceedings in the trial court should be in accordance with both the mandate and the result contemplated in the opinion." *Frost v. Liberty Mutual Ins. Co.*, 813 S.W.2d 302, 304 (Mo. banc 1991). Mandates are not to be read in a vacuum; the opinion is a part of the mandate and is utilized in its interpretation. *Id.* Nothing in the mandate or the opinion, either expressly or impliedly, holds that the twenty-five hour figure is determinative on the issue of time spent on nursing care. Indeed, had that issue been decided there would be no need to remand to the Commission "for reconsideration upon the entire record." Thus, the Eastern District's interpretation of *Jerome I* in *Fitzgerald v. Meyer*, slip op. at 8, 820 S.W.2d 633, 637 (Mo.App.1991), is correct in stating that, "*Jerome* does not hold the Commission on remand must accept employee's testimony that his wife rendered twenty-five hours per week nursing services. All that is required is the award be supported by evidence as found by the Commission."

In enumerating the services that Polly performs for Rex, the court in *Jerome I* recited that she "prepares diets to help control his bowel and bladder functions." *Jerome*, 797 S.W.2d at 566. While it is clear that this court concluded that nursing services were required, it did not determine that the planning and preparation of Rex's meals is a necessary nursing service.

■ Upon review of the Commission's award, the record is viewed in the light most favorable to the Commission's findings. *Gee v. Bell Pest Control*, 795 S.W.2d 532, 535 (Mo.App.1990). The scope of review is pursuant to Section 287.495, RSMo

1986. The award will be disturbed "only when that award is not supported by substantial evidence or is clearly contrary to the overwhelming evidence. . . ." *Id.*

■ On remand, the Commission decided that meal planning and preparation was not nursing care, finding that nursing care "is not intended to include services that were already being performed for the individual prior to the injury, i.e. meals, or that the individual is fully capable of performing for himself." The Commission pointed out that Rex had never prepared his own meals and expected his wife to prepare his meals regardless of whether he had been injured on the job or not. Rex also testified at the hearing that if he could cook and had a modified kitchen in which to do so, he would be able to prepare and plan his own meals without assistance.

Polly testified at the hearing that the only way in which Rex's diet is special is that he requires a little extra fiber and more fluids than in a normal diet. There is little in the record that would show that this preparation and planning is not other than an ordinary household duty performed by a wife for her husband.

Rex relies upon *Daugherty v. City of Monett*, 238 Mo.App. 924, 192 S.W.2d 51 (1946), to support his position. In *Daugherty*, a wife was held to be entitled to payment for nursing services she performed for her husband. *Id.* 192 S.W.2d at 56. The court found that these services "were not the ordinary household services of a wife but extraordinary services in addition to her ordinary duties." *Id.* Unlike the other services that Polly performs for Rex, her meal preparation and planning is an ordinary duty and no set of special circumstances remove it from this category. Thus, it was not error for the Commission to disallow the meal preparation and planning time, as testified to by the Jeromes, in its calculation of the award.

■ The eleven and one-half hours awarded are supported by the evidence the Commission had before it in its review of the record. Polly's services to Rex are

detailed in *Jerome I.* These services do constitute nursing care and are outside of the duties a wife ordinarily performs for her husband, and are necessary to cure and relieve the effects of his injury. *See Brollier v. Van Alstine*, 236 Mo.App. 1233, 163 S.W.2d 109 (1942). The uncontroverted evidence establishes that Polly massages Rex's legs and back, alleviating spasms and pain; inspects his urine for signs of infection; packs in catheter supplies; helps him to his truck in bad weather; checks his temperature and blood pressure; checks for pressure sores on his buttocks; helps him bathe by washing his buttocks and back; assists him in non-handicapped bathroom facilities; picks him up when he falls; gets his wheelchair in and out of the car; and performs other services as required by his condition. Rex testified that his estimate of the time Polly spends nursing him was about three hours per weekday and five hours per day on Saturday and Sunday for a total of twenty-five hours. There is no evidence contradicting this estimate, although the Commission certainly could have taken additional evidence if it so chose. Apparently, it did not feel the need to do so, choosing to accept the testimony it had before it. The twenty-five hour figure was reduced by the thirteen and one-half hours spent on meal preparation. The resulting eleven and one-half hour basis for the award is thus supported by substantial evidence. The award of the Commission is affirmed.

All concur.