The Honorable W. Craig Hosmer State Representative, District 138 State Capitol Building Jefferson City, MO 65101
Dear Representative Hosmer:
This opinion is in response to your question asking:
 Since the General Assembly's enactment of Senate Bill 672 (Second Regular Session 1994), codified at R.S.Mo. Sec. 191.229 (1996), does the Missouri Department of Mental Health, Division of Alcohol and Drug Abuse (hereinafter, respectively, "the Department" and "the Division"), retain the legal authority to certify private, not-for-profit agencies providing rehabilitation services under contract with the state, if such agencies are also accredited by the Commission on Accreditation of Rehabilitative Facilities (hereinafter, "C.A.R.F.")?
Section 191.229, RSMo 1994, to which you refer in your question, provides:
 191.229. Accreditation of not for profit human services organizations deemed equivalent to licensure. — When a not for profit human services organization providing habilitative and
rehabilitative services to people with disabilities in this state has been accredited by the Commission on Accreditation of Rehabilitative Facilities or the Accreditation Council on Services for People with Disabilities, that specific accreditation shall be deemed in lieu of and recognized as equivalent to any state licensure or certification requirements by all state agencies when purchasing services on behalf of persons with disabilities. [Emphasis added.]
Section 191.229 was enacted as part of Senate Committee Substitute for Senate Bill No. 672, 87th General Assembly, Second Regular Session (1994).
Sections 37.500 and 37.503 address the same topic as Section191.229 and were enacted at the same session of the General Assembly as part of Conference Committee Substitute for Senate Committee Substitute for House Substitute for House Committee Substitute for House Bills Nos. 1547 961 (1994). Sections37.500 and 37.503 provide:
 37.500. Central registry, office of administration duties. — The office of administration shall establish a central registry in which accredited not for profit human service providers may submit confirmation of accreditation by a nationally recognized accrediting body and related information. The office of administration shall issue a vendor number to be recognized for state purchasing.
 37.503. National accreditation recognized as equivalent to state licensure. — When a not for profit human services organization providing habilitative and rehabilitative services to people with disabilities in the state of Missouri has been accredited by the Commission on Accreditation of Rehabilitation Facilities or the Accreditation Council on Services for People with Disabilities, that specific accreditation shall be recognized in lieu of and as an equivalent to any state licensure or certification requirements by all state agencies when purchasing services on behalf of persons with disabilities. [Emphasis added.][1]
From reviewing the information you provided with your opinion request, it appears the legal issue to be resolved is whether not for profit human services organizations must provide both habilitative and rehabilitative services in order for Section191.229 (and likewise Section 37.503) to apply or whether the section applies to not for profit human services organizations which provide only habilitative services or only rehabilitative services but not both.
In addressing this issue, we must determine if the word "and" connecting "habilitative" and "rehabilitative" should be interpreted to mean "or." "The primary rule [of statutory construction] to be observed is to ascertain the intention of the lawmakers. . . . [T]he word `and' is often construed to mean `or,' and vice versa." City of St. Louis v. Consolidated ProductsCo., 185 S.W.2d 344, 346 (Mo.App. 1945). See also Brollier v.Van Alstine, 163 S.W.2d 109, 116 (Mo.App. 1942) ("cure and relieve" means "cure or relieve"); City of Kansas City v. Grush,52 S.W. 286, 287 (Mo. 1899) ("commission merchants and produce dealers" means "commission merchants or produce dealers").
The apparent intent of Sections 191.229 and 37.503 is to eliminate the need for certain not for profit human services organizations to undergo multiple licensures or certifications before contracting with state agencies to provide services on behalf of persons with disabilities. Accreditation by one of the two accrediting organizations named in the statutes is to be in lieu of state certification or licensing by any state agency when purchasing services on behalf of persons with disabilities. To read the statutes so narrowly as to only apply the statutes to not for profit human services organizations that provide both habilitative and rehabilitative services would not be consistent with the apparent legislative intent. Therefore, we conclude that Sections 191.229 and 37.503 apply to not for profit human services organizations that provide only habilitative services or only rehabilitative services or both habilitative and rehabilitative services to people with disabilities in this state.
 CONCLUSION
It is the opinion of this office that Sections 191.229 and37.503, RSMo 1994, apply to not for profit human services organizations that provide habilitative services or rehabilitative services or both habilitative and rehabilitative services to people with disabilities in this state, and when such an organization has been accredited by the Commission on Accreditation of Rehabilitative Facilities or the Accreditation Council on Services for People with Disabilities, that accreditation shall be deemed in lieu of and recognized as equivalent to any state licensure or certification requirements by the Missouri Department of Mental Health, Division of Alcohol and Drug Abuse, when purchasing services on behalf of persons with disabilities.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Section 191.229 refers to the Commission on Accreditation of Rehabilitative Facilities while Section 37.503 refers to the Commission on Accreditation of Rehabilitation Facilities. It is obvious that both sections refer to the same accrediting organization despite the slight variation in name.